

# Fourth Court of Appeals
## San Antonio, Texas

**OPINION**

No. 04-11-00891-CR

James **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR12648A
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  December 23, 2014

REVERSED AND REMANDED

Appellant James Garza was indicted for the offense of capital murder. The State waived the death penalty. After a jury found Garza guilty of capital murder, the trial court imposed what was, at the time, the statutorily mandated sentence of life without parole. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930, 1930, *amended by*, Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Sess. Law Serv. 4802, 4802 (current version at TEX. PENAL CODE ANN. § 12.31(a) (West Supp. 2014)). In his original appeal to this court, Garza, relying on the Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455 (2012),

claimed his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. However, we did not reach the merits of Garza's complaint, holding he did not preserve the issue for our review. *See Garza v. State*, 04-11-00891-CR, 2012 WL 5236048, at *2 (Tex. App.—San Antonio Oct. 24, 2012) (mem. op., not designated for publication), *rev'd*, 435 S.W.3d 258 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals granted Garza's petition for discretionary review and rendered an opinion, holding "Garza's claim was not forfeited by his failure to urge his claim in the trial court." *Garza*, 435 S.W.3d at 263. The court remanded the matter to this court to address the merits of Garza's claim. *See id.* On remand, we reverse and remand as to punishment.

## BACKGROUND

As we stated in our original decision, a detailed rendition of the facts is unnecessary to the disposition of the appeal. Accordingly, we once again provide only a brief statement of the facts for context.

Garza and another man asked the complainant, Mario Alberto Raygoza Jr., to help them move their belongings into an apartment. However, the request for assistance was nothing more than a ruse to allow Garza and his friend to obtain Raygoza's car. When Raygoza arrived, Garza stabbed him multiple times, killing him. Thereafter, Garza threw Raygoza's body into the parking lot of the apartment complex. Garza and his friend then stole Raygoza's car and fled to Colorado. Some weeks after the murder, Colorado police arrested Garza and his friend for shoplifting.

When he was arrested by Colorado authorities, Garza gave conflicting statements about his age, stating at various times he was eighteen and nineteen. Finally, after learning his friend had advised authorities that Garza was seventeen, Garza stated he was seventeen years of age.

Garza was returned to Texas to face capital murder charges. After a jury found him guilty, the trial court imposed upon Garza the statutorily mandated sentence of life imprisonment without the possibility of parole. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930 (amended 2013). Garza ultimately perfected this appeal.

## ANALYSIS

Garza raises a single complaint. Relying on the Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455 (2012), Garza argues the trial court erred in automatically sentencing him to life without parole because he was seventeen at the time of the offense. Garza contends his sentence violates the mandate against cruel and unusual punishment contained in the Eighth Amendment because his status as a juvenile bars the punishment imposed. *See Miller*, 132 S.Ct. at 2469; *see* U.S. CONST. amend. VIII (providing that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.").[1] As noted above, we originally held Garza had not preserved this issue for our review. *Garza*, 2012 WL 5236048, at *2. However, the court of criminal appeals reversed our decision, holding "Garza's claim was not forfeited by his failure to urge his claim in the trial court." *Garza*, 435 S.W.3d at 263. As instructed by the court of criminal appeals, we will review the merits of Garza's claim. *See id.*

### *The Law*

In *Miller*, the Supreme Court was asked to determine whether statutes that mandate the imposition of life without parole violate the Eighth Amendment when such punishment is imposed upon those who are under the age of eighteen at the time of the offense. 132 S.Ct. at 2460. The Court held that when state law mandates a sentence of life without parole for those who are under the age of eighteen at the time of the offense — without permitting the sentencing authority to

---

[1] The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV.

consider the offender's youth, the attendant circumstances of youth, and the nature of the crime — the Eighth Amendment's prohibition on cruel and unusual punishments is violated, rendering the sentence unconstitutional. *Id.* at 2460, 2469.

In reaching its decision, the Court noted, as it had in prior cases, that "'[t]he concept of proportionality is central to the Eighth Amendment[,]'" and proportionality must be viewed in light of "'evolving standards of decency that mark the progress of a maturing society.'" *Id.* at 2463 (quoting *Graham v. Florida*, 560 U.S. 48, 59 (2010); *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). In certain instances, the concept of proportionality requires categorical bans on sentencing practices that are based on a disparity between the class of offender and the severity of the punishment. *Miller*, 132 S.Ct. at 2463. For example, the Supreme Court has held that imposing the death penalty for crimes other than murder, or imposing it on the mentally retarded or those under the age of eighteen at the time of the offense, violates the Eighth Amendment. *Id.* (citing *Kennedy v. Louisiana*, 554 U.S. 407, 413 (2008) (prohibiting imposition of death penalty for non-homicide crimes); *Atkins v. Virginia*, 536 U.S. 304, 321 (2002) (prohibiting imposition of death penalty on mentally retarded individuals); *Roper v. Simmons*, 543 U.S. 551, 575 (2005) (prohibiting imposition of death penalty on those under age of eighteen at time of offense)). Other times, however, a complete prohibition on the most extreme sentences is not warranted; rather, it is only required that the sentencing authority consider the characteristics of the defendant and the details of the offense before sentencing him. *Miller*, 132 S.Ct. at 2463–64 (citing *Woodson v. North Carolina*, 428 U.S. 280, 303–04 (1976) (plurality opinion) (holding mandatory death penalty for first-degree murder violated Eighth Amendment where sentencing authority could not consider character and record of defendant or circumstances of particular offense); *Locket v. Ohio*, 438 U.S. 586, 606–09 (1978) (holding state death penalty statute violated Eighth Amendment

because it did not permit type of individualized consideration of mitigating factors required in capital cases)).  The Supreme Court relied upon the "confluence" of these two lines of cases in concluding the automatic imposition of life without the possibility of parole violates the Eighth Amendment when applied to those who are under the age of eighteen at the time of the offense. *Miller*, 132 S.Ct. at 2464.

The Court held that "[m]andatory life without parole for [one under the age of eighteen] precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences."  *Miller*, 132 S.Ct. at 2468.  It also precludes the sentencing authority from taking into account the defendant's family and "home environment," a situation over which he generally has no choice and from which he cannot extricate himself.  *Id.*  Moreover, it does not permit consideration of the circumstances of the offense, including the extent of the defendant's participation and peer pressure.  *Id.*  According to the Court, "making youth (and all that accompanies it) irrelevant" to the imposition of a sentence of life without the possibility of parole, "poses too great a risk of disproportionate punishment." *Id.* at 2469.  Thus, a sentencing scheme that mandates an automatic sentence of life without parole for those who were under the age of eighteen at the time of the offense is unconstitutional.  *Id.*

Notably, the Court held this narrow holding was sufficient to decide the cases before it in *Miller*.  *Id.*  The Court specifically refused to consider the argument that the Eighth Amendment requires a categorical ban on life without parole for those under the age of eighteen.  *Id.*  However, the Court warned — given its decisions in *Miller*, *Graham*, and *Roper* — that situations in which sentencing those under the age of eighteen to life without the possibility of parole would be appropriate would be rare "because of the great difficulty . . . of distinguishing at this early age between 'the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the

rare juvenile offender whose crime reflects irreparable corruption.'" *Id.* (quoting *Roper*, 543 U.S. at 573).

Although *Miller* did not impose a categorical ban on a sentence of life without parole for those under the age of eighteen at the time of the offense, it appears the Texas Legislature took the Supreme Court's warning to heart. In 2013, while Garza's appeal was pending,[2] the Texas Legislature amended section 12.31 of the Texas Penal Code. Prior to the amendment, if the State chose not to seek the death penalty in a capital case, a trial court was statutorily mandated, upon return of a verdict of guilt, to sentence a defendant, whose case had not been transferred to the district court pursuant to section 54.02 of the Texas Family Code, to life imprisonment without the possibility of parole. Act of May 29, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930, 1930 (amended 2013). This statute would obviously be unconstitutional under the mandates of *Miller*. *See Miller*, 132 S.Ct. at 2460, 2469. However, after the *Miller* decision, the Legislature amended section 12.31.

Pursuant to the amendment, if the defendant committed the capital offense when he was younger than eighteen years of age, the trial court *cannot* sentence him to life without parole; rather, the trial court is mandated to sentence the defendant to life, which includes a possibility of parole. Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Sess. Law Serv. 4802, 4802 (current version at TEX. PENAL CODE ANN. § 12.31(a) (West Supp. 2014)). Accordingly, the State of Texas has now gone beyond the mandates of *Miller*, placing a categorical ban on the sentence of life without parole for those who are under the age of eighteen at the time of the offense. *Compare Miller*, 132 S.Ct. at 2460, 2469 *with* Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1,

---

[2] Our original opinion in this case issued on October 24, 2012. Garza filed his petition for discretionary review on December 13, 2012. The court of criminal appeals granted Garza's petition on March 20, 2013, and its mandate, which remanded the matter to this court, issued on July 7, 2014. The appeal was resubmitted in this court on October 20, 2014, after the parties filed supplemental briefs.

2013 Tex. Sess. Law Serv. 4802, 4802 (current version at TEX. PENAL CODE ANN. § 12.31(a)).

When it amended section 12.31, the Legislature made the statute effective as of July 22, 2013. The Legislature specifically provided that the change in the law was applicable to: (1) criminal actions pending on the effective date; (2) cases on appeal on the effective date; and (3) matters commenced on or after the effective date. TEX. PENAL CODE ANN. § 12.31 historical note [Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 3, 2013 Tex. Sess. Law Serv. 4802, 4803]. As we noted in footnote two of this opinion, this matter was pending on appeal on the effective date of the amended statute. Therefore, we hold the amended version, i.e., the current version, of section 12.31 of the Texas Penal Code is applicable in this case.

Now, we must decide the effect of *Miller* and the amended version of article 12.31 on the matter before us.

### *Application*

Under the applicable law, if Garza was under the age of eighteen at the time of the offense, the trial court could not, under *Miller*, automatically sentence Garza to life without the possibility of parole as it did. However, Garza's age was not an issue at the trial — the Supreme Court's decision in *Miller* had not yet been rendered, and Garza's age at the time of the offense was not definitively established in the record before us. Rather, the record shows that when Garza was arrested in Colorado, he was equivocal about his age. He first told law enforcement authorities he was eighteen, but then told them he was nineteen. When the Colorado authorities advised Garza his friend had told them Garza was seventeen, Garza agreed he was. Given the confusion, and being cautious, Colorado authorities placed Garza in a juvenile detention facility before he was transported back to Texas to face charges.

In addition to the contradictory evidence provided by Garza, as related by Colorado authorities during the trial, the clerk's record contains a single document, the Texas arrest warrant, listing Garza's date of birth as "04/02/1992." The offense took place on September 6, 2009. Thus, if the date of birth on the arrest warrant is correct, Garza was seventeen at the time of the offense. However, there is nothing in the record to establish how, or from whom, the date of birth was obtained.

We fault neither Garza nor the State for the failure to establish Garza's age during trial or prior to sentencing. There was, at the time of trial, no need for a definitive answer with regard to Garza's age because under the law applicable at the time — state and federal — Garza was subject to an automatic sentence of life without the possibility of parole if he was found guilty. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930, 1930 (amended 2013). Thus, it is not surprising that neither the State nor Garza took steps at trial to prove his age at the time of the offense. It is equally obvious why the trial court was not called upon to make any factual finding on the issue of Garza's age. So, given the state of the record, how are we to proceed?

Both parties agree there must be a factual determination as to Garza's age at the time of the offense. The State suggests the burden of proof on the issue should fall on Garza. In support of its position, the State argues age is not an implied element of the crime of capital murder that the State is required to prove. Citing *Ex parte Briseno*, 135 S.W.3d 1 (Tex. Crim. App. 2004), the State likens proof of age under the circumstances presented here, to proof of mental retardation in capital cases. We find the argument persuasive.

In *Briseno*, the defendant, who had been sentenced to death, sought habeas relief, alleging he was not subject to the death penalty because he was mentally retarded. *Id.* at 2. The court of

criminal appeals held the burden was upon the defendant to establish this fact by a preponderance of the evidence. *Id.* at 12. The court explained that a lack of mental retardation is not an implied element of the crime of capital murder that the State must prove. *Id.* at 10. As the court noted, the absence of mental retardation does not increase the penalty of the crime beyond the statutory maximum, and thus, is not an element of the offense. *Id.* at 10, n.36. Rather, proof of mental retardation "exempts" a defendant from the maximum statutory punishment, i.e., death. *Id.* at 10. Thus, the court reasoned the issue of mental retardation is similar to affirmative defenses such as insanity, incompetency to stand trial, and incompetency to be executed. *Id.* at 12.

Similarly, in *Hall v. State*, the court held on direct appeal in a capital case that mental retardation is "comparable to an affirmative defense, and thus, the burden is always upon the defendant to prove that condition by a preponderance of the evidence." 160 S.W.3d 24, 38 (Tex. Crim. App. 2004). The court specifically held that the standards for proving mental retardation at trial and on habeas are the same in either a direct appeal or a habeas proceeding. *Id.*

We find the reasoning in *Briseno* and *Hall* compelling. Garza's age is not an implied element of the offense for which he was charged — capital murder. *See* TEX. PENAL CODE ANN. § 19.03(a) (West Supp. 2014) (setting out elements of offense of capital murder). Rather, proof that Garza was seventeen at the time of the offense merely "exempts" him from the maximum statutory punishment, i.e., life without possibility of parole. *See Briseno*, 135 S.W.3d at 10. Accordingly, we hold that like mental retardation, Garza's age at the time of the offense is in the nature of an affirmative defense, and it is his burden to prove by a preponderance of the evidence that he was seventeen at the time of the offense in order to avoid the penalty of life without the possibility of parole. *See id*; *Hall*, 160 S.W.3d at 38.

Our conclusion on this issue is supported by practicality. It is Garza's own age that must be established. He would naturally have more convenient access to documentation or other evidence establishing his age at the time of the offense, e.g., a birth certificate, driver's license, identification card, etc. Thus, it is not unduly burdensome to require Garza to establish his age at the time of the offense.

Garza argues article 39.14(h) of the Texas Code of Criminal Procedure requires the State, if it has documents or information relating to Garza's age, to turn that information over to Garza. Article 39.14(h) requires the State to disclose to the defendant any document, item, or information in its possession, custody, or control that "would tend to reduce the punishment for the offense charged." TEX. CODE CRIM. PROC. ANN. art. 39.14(h) (West Supp. 2014). Subsection (h) was added to Article 39.14 in 2013, and the historical notes specifically state the changes to Article 39.14 apply "to the prosecution of an offense committed on or after the effective date [January 1, 2014] of this Act." TEX. CODE CRIM. PROC. ANN. art. 39.14(h) historical note [Act of May 14, 2013, 83rd Leg., R.S., ch. 49, § 3, 2013 Tex. Sess. Law Serv. 106, 108]. The offense in this case took place September 6, 2009. Thus, article 39.14 is inapplicable. However, if this provision were applicable, Garza's argument presupposes the State has such information in its possession, and there is nothing before this court that mandates such a conclusion.

In sum, we hold the burden of proof is upon Garza to establish by a preponderance of the evidence that he was under the age of eighteen at the time of the offense, which was September 6, 2009. Under the applicable law — *Miller* and the current version of section 12.31(a) of the Penal Code — if Garza carries his burden, the trial court must sentence him to life as opposed to life without the possibility of parole. *See* TEX. PENAL CODE ANN. § 12.31(a)(1); *Miller*, 132 S. Ct. at 2460, 2469. If, on the other hand, Garza fails to prove by a preponderance of the evidence that he

was under the age of eighteen at the time of the offense, the trial court must sentence him to life without the possibility of parole. *See* TEX. PENAL CODE ANN. § 12.31(a)(2).

## CONCLUSION

Based on the foregoing, we sustain Garza's sole issue. We reverse the trial court's sentence of life without the possibility of parole, and we remand this matter to the trial court for resentencing in accordance with this court's opinion.

Marialyn Barnard, Justice

Publish