PD-0045-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/17/2015 3:56:10 PM
Accepted 2/19/2015 11:26:08 AM
ABEL ACOSTA
CLERK

NO. PD-0045-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

AUSTIN, TEXAS

_____

JAMES GARZA,

Appellant,

vs.

THE STATE OF TEXAS,

Appellee.

_____

PETITION FOR DISCRETIONARY REVIEW FROM THE COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT, SAN ANTONIO, TEXAS

CAUSE NUMBER 04-11-00891-CR

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

EDWARD F. SHAUGHNESSY III
Attorney-at-Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com


Attorney for the Appellant

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

PAGE(S)

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW............................................iii

TABLE OF AUTHORITIES...........................................................................iv

STATEMENT REGARDING ORAL ARGUMENT..................................................v

TABLE OF INTERESTED PARTIES...............................................................vi

ARGUMENTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S PETITION
FOR DICRETIONARY REVIEW.......................................................................1

NATURE OF THE CASE...............................................................................1

REASONS FOR REVIEW...............................................................................4

GROUND FOR REVIEW................................................................................6

ARGUMENT AND AUTHORITIES IN SUPPORT
OF THE GROUND FOR REVIEW....................................................................6

CONCLUSION AND PRAYER........................................................................11

CERTIFICATE OF SERVICE........................................................................12

CERTIFICATE OF COMPLIANCE.................................................................13

APPENDIX ...............................................................................................14

NO. PD-0045-15

| | | |
|---|---|---|
| JAMES GARZA, | § | IN THE COURT OF |
| Appellant, | § | |
| | § | |
| | § | |
| vs. | § | CRIMINAL APPEALS |
| | § | |
| | § | |
| | § | |
| THE STATE OF TEXAS, | | AUSTIN, TEXAS |
| Appellee. | | |

_____

PETITION FOR DISCRETIONARY REVIEW OF CAUSE NUMBER
04-11-00891-CR IN THE COURT OF APPEALS FOR
THE FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

Now comes, Edward F. Shaughnessy, III, Attorney-at-Law, on behalf of the appellant, James Garza, and prays that a Petition for Discretionary Review be granted to the appellant in the above styled and numbered cause. The arguments in support of that request are provided hereinafter and are incorporated by reference.

EDWARD F. SHAUGHNESSY III
Attorney-at-Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com
Attorney for the Appellant

iii

## TABLE OF AUTHORITIES

CASES

*Apprendi v. New Jersey, 120 S.Ct. 2348 (2000)*...................................................................9

*Lewis v. State, 428 S.W.3d 860 (Tex. Crim. App. 2014)*.....................................................8

*Miller v. Alabama, ____ U.S.____, 132 S.Ct. 2455 (2012)*..................................................8

RULES

*Art. 37.07 § 1(b), Tex. Code Crim. Proc. Ann. (West 2014)*...........................................10

*Art. 39.14 (h) & (k), Tex. Code Crim. Proc. Ann. (West 2014)*........................................7

*Rule 66.3(b), Tex. R. App. Proc*......................................................................................4,5

*Rule 66.3 (c), Tex. R. App. Proc*...................................................................................4,7,9

STATEMENT REGARDING ORAL ARGUMENT

Counsel for the appellant would submit that in the event that this petition is granted, oral argument would be warranted inasmuch as the issue to be resolved by this Court is novel and worthy of oral argument on the issue presented.

# TABLE OF INTERESTED PARTIES

Meliss Skinner                                    Trial Court Judge
290th District Court
Bexar County, Texas

David Lunan                                       Trial Prosecutor
Bexar County Criminal District Attorney

Tim Molina                                        Trial Prosecutor
Bexar County Criminal District Attorney

Wayne Huff                                        Defense Attorney/Trial
P.O. Box 2334
Boerne, Texas 78006

Edward F. Shaughnessy, III                        Defense Attorney/Appeal
206 E. Locust
San Antonio, Texas 78212

Jay Brandon                                       Prosecutor/Appeal
Bexar County Criminal District Attorney

| | | |
|---|---|---|
| JAMES GARZA, | § | IN THE COURT OF |
| Appellant, | § | |
| | § | |
| vs. | § | CRIMINAL APPEALS |
| | § | |
| | § | |
| | § | AUSTIN, TEXAS |
| THE STATE OF TEXAS, | | |
| Appellee. | | |

ARGUMENTS AND AUTHORITIES IN SUPPORT
OF THE APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
OF CAUSE NUMBER 04-11-00891-CR

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES, James Garza, defendant in the trial Court and appellant in the lower Court, by and through, Edward F. Shaughnessy, III, attorney at law, and offers the following arguments and authorities in support of his request that this Court grant his request for a Petition for Discretionary Review in the instant case, cause number PD-0045-15.

NATURE OF THE CASE

The appellant, James Garza, was charged by way of an indictment in Bexar County on December 16,2009 with the offense of Capital Murder in cause number 2009-CR-12648A. (C.R.-15)  The appellant was tried by a jury, which returned a verdict of guilty for the offense as charged in the indictment. (C.R.-107)  The State had not sought to impose a death sentence so the trial Court assessed a sentence of life without

1

the possibility of parole without conducting a separate and distinct punishment phase. (C.R.-107)

Notice of appeal was subsequently filed in the trial Court and an appeal to the Court of Appeals for the Fourth Court of Appeals District was pursued. (C.R.-179) The Court of Appeals for the Fourth Court of Appeals District affirmed the judgment in all respects in an unpublished opinion authored by Justice Marialyn Barnard. The appellant subsequently filed a Petition for Discretionary Review seeking review of the opinion of the Fourth Court of Appeals.

This Court granted the appellant's Petition for Discretionary Review. On June 11, 2014 this Court reversed the judgment of the Court of Appeals and remanded the cause for further proceedings consistent with the opinion of this Court. *Garza v. State, 435 S.W.3d 258 (Tex. Crim. App. 2014).*

On December 23, 2014 the Court of Appeals issued its second opinion regarding the constitutionality of the appellant's sentence of Life in the Texas Department of Criminal Justice-Institutional Division. The Court, in a published opinion authored again by Justice Barnard, reversed the judgment of the trial Court and remanded the cause for resentencing in accordance with the opinion of that Court. More specifically the opinion of the Court below reversed and remanded the cause for a new punishment hearing. That hearing was to resolve a single issue: what was the appellant's age at the time of the offense for which he was convicted? *Garza v. State, ____ S.W.3d ____(No. 04-11-00891-CR, Tex. App.-San Antonio, December 23, 2014, 2014 WL 7339360).*

The appellant subsequently filed a motion for an extension in which to file a Petition for Discretionary Review of the latest opinion from the Fourth Court of Appeals. This Court granted that motion on January 16, 2015. The appellant's petition was

2

ordered to be filed no later February 23, 2015. This pleading is filed in accordance with the order of this Court.

In its opinion on remand the Court below reversed and remanded the cause for "resentencing in accordance with this court's opinion." *Garza v. State, slip op. pg. 11.* It is the position of the appellant that a "resentencing in accordance with this opinion*"* is wholly insufficient to protect the appellant's rights as guaranteed by the Eighth Amendment to the United States Constitution and the Texas Code of Criminal Procedure.

The appellant would submit that there exists one ground for review that warrants review by this Court. It is urged by the appellant that there exist, at a minimum, three distinct reasons for reviewing the action of the Court of Appeals for the Fourth Court of Appeals District.

REASONS FOR REVIEW

A

The appellant respectfully petitions this Honorable Court to grant this Petition for Discretionary Review pursuant to *Rule 66.3 (c), Tex. R. App. Proc.* which states that one of the non-exclusive reasons for this Court to grant a petition for discretionary review is that the Court of Appeals has decided an important question of federal law in a way that conflicts with the applicable decisions of the Supreme Court of the United States. The appellant would respectfully submit that the opinion of the Fourth Court of Appeals is in conflict with the applicable decision of the Supreme Court of the United States.

B

The appellant respectfully petitions this Honorable Court to grant this Petition for Discretionary Review pursuant to *Rule 66.3(b), Tex. R. App. Proc.* which states that, one of the non-exclusive reasons for this Court to grant a discretionary review, is that the Court of Appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. The appellant would respectfully submit that the Court of Appeals has decided an important question of state law that has not been, but should be settled the Court of Criminal Appeals.

C


The appellant respectfully petitions this Honorable Court to grant this Petition

for Discretionary Review pursuant to *Rule 66.3(b), Tex. R. App. Proc.* which states that,

one of the non-exclusive reasons for this Court to grant a discretionary review, is that

the Court of Appeals has misconstrued a statute.  The appellant would respectfully

submit that the Court of Appeals has misconstrued a statute in the context of disposing

of the appellant's allegation or error.

GROUND FOR REVIEW

THE COURT OF APPEALS ERRED IN HOLDING THAT THE
APPELLANT WAS ENTITLED TO A NEW PUNISHMENT
HEARING BEFORE THE TRIAL COURT WITH THE SOLE
ISSUE TO BE ASCERTAINED BY THE TRIAL COURT BEING
THE AGE OF THE APPELLANT AT THE TIME OF THE OFFENSE

ARGUMENT AND AUTHORITIES
IN SUPPORT OF THE GROUND
FOR REVIEW

STATEMENT OF APPLICABLE FACTS

As noted above, the appellant was convicted of the offense of Capital Murder[1] and

sentenced by the trial to a sentence of life without the possibility of parole[2]. No

punishment phase of any sort was conducted by the trial Court. No objection was voiced

by the appellant to the procedure utilized by the trial Court, nor to the sentence

ultimately imposed by the trial Court.[3]

The Court below was called upon by this Court to rule upon the appellant's claim

of an Eighth Amendment violation in manner "consistent" with this Court's opinion.

*Garza v. State, id. at pg. 263.*

The conclusion reached by the Court below was to reverse the judgment and

remand the cause tot the trial court for consideration of a single issue. The trial Court

---

[1] Tex. Penal Code Ann. § 19.02 (West 2014)
[2] Tex. Penal Code Ann. § 12.31 (a) (West 2014)
[3] This Court concluded that a timely objection was not required in the instant scenario.

was instructed to conduct a hearing to determine the appellant's age at the time of the offense. Specifically the Court below reasoned as follows: "...we hold that like mental retardation, Garza's age at the time of the offense is in the nature of an affirmative defense, and it is his burden to prove by a preponderance of the evidence that he was seventeen at the time of the offense in order to avoid the penalty of life without the possibility of parole." *Garza v. State, 2014 WL 7339360, at slip op. pg. 9.* In reaching that conclusion the Court below reasoned that the trial Court was to make the factual determination as to the appellant's age at the time of the offense and sentence the appellant in accordance with its finding as to the appellant's age at the time of the offense. In reaching that conclusion the Court below rejected a contention raised by the appellant that the State of Texas was required to disclose to that Court the existence of any "document, item, or information" in the " possession, custody, or control" of the State that "would tend to reduce the punishment" for the appellant's offense. See: *Art. 39.14 (h) & (k), Tex. Code Crim. Proc. Ann. (West 2014).* The Court below rejected the appellant's assertion that the State was obligated to disclose to that Court, information in its possession, custody, or control, that would reveal the appellant's age at the time of the offense. The Court rejected the argument advanced by the appellant in that regard on the grounds that the applicable amendment to *Art. 39.14, id.* was inapplicable to the appellant's judgment because the amendment in question applied only to offenses committed after January 1, 2014.

The appellant would submit that the holding of the Court below is erroneous because it limits the issue on remand to the single issue of the appellant's chronological age at the time of the offense. The appellant respectfully submit that the relief fashioned by the Court below gives rise to, at a minimum, three reasons for review.

I

Initially, the appellant would submit that the holding of the Court below is in conflict with the controlling authority announced by the Supreme Court of the United States in *Miller v. Alabama, ____ U.S.____, 132 S.Ct. 2455 (2012)*.

In *Miller v. Alabama,* the Supreme Court held that if a juvenile offender faces the possibility of a sentence of life without the possibility of parole he is entitled to an "individualized" punishment hearing. *Miller v. Alabama, id. at 2468, 2469.* In the case at hand the possibility of such an "individualized" sentencing hearing is precluded. See: *Lewis v. State, 428 S.W.3d 860 (Tex. Crim. App. 2014); Sect. 12.31(a), supra.* The appellant would respectfully submit that any sentence imposed in an "automatic" fashion, regardless of the possibility of a future parole, on a juvenile offender runs counter the holding of *Miller v. Alabama, supra.*

Consequently, the order of the Court below, limiting the issue to be determined in the trial Court to a simple determination of the appellant's age at the time of the offense, is in conflict with the applicable decision of the United States Supreme Court. As a result this Court should grant the instant petition for discretionary review. See: *Rule 66.3 (c), supra.*

II

As noted above, the instant case was reversed and remanded to the trial Court for a limited purpose; that is to determine whether the appellant was seventeen years of age on September 6, 2009 (the date of the offense). The opinion of the lower court mandates that the trial Court assess a punishment of Life in the Texas Department of

8

Criminal Justice-Institutional Division if the appellant establishes that particular fact by a preponderance of the evidence.  The appellant would respectfully submit that the holding of the Court below regarding the role of the trial Court in making that factual determination fails to account for an applicable decision of the Supreme Court of the United States along with the pertinent statutory authority contained in the Code of Criminal Procedure.

In *Apprendi v. New Jersey, 120 S.Ct. 2348 (2000)* the Supreme Court of the United States held that any fact that increases the penalty beyond a prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. The opinion of the Court below dictates that the trial Court act as a fact-finder with respect to the issue of the appellant's age at the time of the offense.  Moreover, the Court below placed the burden of proof as to the issue of the appellant's age on the appellant to be demonstrated by a preponderance of the evidence.  The appellant would submit that the holding of *Apprendi* id applicable to the instant case because the factual finding as to the appellant's age at the time of the offense could conceivably increase the penalty to the prescribed maximum allowed by law.  Therefore, *Apprendi* mandates that the issue be submitted to a jury with the burden of proof on the State of Texas to prove that the appellant was older than seventeen at the time of the offense.

The holding of the Court below is in conflict with the holding of the United States Supreme Court in *Apprendi v. New Jersey, id.*  As a result, review should be granted by this Court. See: *Rule 66.3(c), supra.*

In addition to being in conflict with the holding of *Apprendi,* the holding of the Court below appears to be in conflict with the controlling statute relating to the accused's right to have his sentence determined by a jury.  The Code of Criminal

9

Procedure details those situations wherein a jury is required to assess punishment. In the instant case due to the dispute as to the age of the appellant at the time of the offense it cannot be said that the penalty that attaches to that offense is "absolutely fixed by law to some particular penalty". Consequently, the appellant is entitled to have a jury determine the question of his age at the time of the offense and sentence him in accordance with that finding. See: *Art. 37.07 § 1(b), Tex. Code Crim. Proc. Ann. (west 2014).*

The opinion of the Court, wherein the appellant is precluded from have the operative fact of his age determined by a jury appears to misconstrue *Art. 37.07 § 1(b), supra.* As a consequence, a review of the holding of the Court below is warranted. See: *Rule 66.3 (d), supra.*

CONCLUSION AND PRAYER

It is respectfully requested, by the appellant that a petition for discretionary review to the Fourth Court of Appeals be granted and that the case be briefed on the merits of the appellant's ground for review with argument to follow.

Respectfully submitted,

*/s/ Edward F. Shaughnessy*
EDWARD F. SHAUGHNESSY, III
Attorney at Law
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500

Attorney for the appellant

11

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III, certify that a copy of the foregoing petition was mailed to Jay Brandon, Assistant Criminal District Attorney for Bexar County, at 401 W. Nueva, San Antonio, Texas 78205, on this the _11_ day of February, 2015.

*/s/ Edward F. Shaughnessy, III*

Edward F. Shaughnessy, III

CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III certify that a copy of the foregoing petition was mailed to Lisa McMinn, the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711, on this the _11_ day of February, 2015.

*/s/ Edward F. Shaughnessy, III*

Edward F. Shaughnessy, III

CERTIFICATE OF COMPLIANCE

I, Edward F. Shaughnessy, III, attorney for the appellant, hereby certify that the instant pleading contains 2849 words (exclusive of the appendix).

*/s/ Edward F. Shaughnessy, III*

Edward F. Shaughnessy, III

APPENDIX



## Fourth Court of Appeals

### San Antonio, Texas

## OPINION

No. 04-11-00891-CR

James **GARZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR12648A
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
        Karen Angelini, Justice
        Marialyn Barnard, Justice

Delivered and Filed:  December 23, 2014

REVERSED AND REMANDED

Appellant James Garza was indicted for the offense of capital murder. The State waived the death penalty. After a jury found Garza guilty of capital murder, the trial court imposed what was, at the time, the statutorily mandated sentence of life without parole. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930, 1930, *amended by*, Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Sess. Law Serv. 4802, 4802 (current version at TEX. PENAL CODE ANN. § 12.31(a) (West Supp. 2014)). In his original appeal to this court, Garza, relying on the Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455 (2012),

claimed his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. However, we did not reach the merits of Garza's complaint, holding he did not preserve the issue for our review. *See Garza v. State*, 04-11-00891-CR, 2012 WL 5236048, at *2 (Tex. App.—San Antonio Oct. 24, 2012) (mem. op., not designated for publication), *rev'd*, 435 S.W.3d 258 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals granted Garza's petition for discretionary review and rendered an opinion, holding "Garza's claim was not forfeited by his failure to urge his claim in the trial court." *Garza*, 435 S.W.3d at 263. The court remanded the matter to this court to address the merits of Garza's claim. *See id.* On remand, we reverse and remand as to punishment.

## BACKGROUND

As we stated in our original decision, a detailed rendition of the facts is unnecessary to the disposition of the appeal. Accordingly, we once again provide only a brief statement of the facts for context.

Garza and another man asked the complainant, Mario Alberto Raygoza Jr., to help them move their belongings into an apartment. However, the request for assistance was nothing more than a ruse to allow Garza and his friend to obtain Raygoza's car. When Raygoza arrived, Garza stabbed him multiple times, killing him. Thereafter, Garza threw Raygoza's body into the parking lot of the apartment complex. Garza and his friend then stole Raygoza's car and fled to Colorado. Some weeks after the murder, Colorado police arrested Garza and his friend for shoplifting.

When he was arrested by Colorado authorities, Garza gave conflicting statements about his age, stating at various times he was eighteen and nineteen. Finally, after learning his friend had advised authorities that Garza was seventeen, Garza stated he was seventeen years of age.

Garza was returned to Texas to face capital murder charges. After a jury found him guilty, the trial court imposed upon Garza the statutorily mandated sentence of life imprisonment without the possibility of parole. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930 (amended 2013). Garza ultimately perfected this appeal.

## ANALYSIS

Garza raises a single complaint. Relying on the Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455 (2012), Garza argues the trial court erred in automatically sentencing him to life without parole because he was seventeen at the time of the offense. Garza contends his sentence violates the mandate against cruel and unusual punishment contained in the Eighth Amendment because his status as a juvenile bars the punishment imposed. *See Miller*, 132 S.Ct. at 2469; *see* U.S. CONST. amend. VIII (providing that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.").[1] As noted above, we originally held Garza had not preserved this issue for our review. *Garza*, 2012 WL 5236048, at *2. However, the court of criminal appeals reversed our decision, holding "Garza's claim was not forfeited by his failure to urge his claim in the trial court." *Garza*, 435 S.W.3d at 263. As instructed by the court of criminal appeals, we will review the merits of Garza's claim. *See id.*

### *The Law*

In *Miller*, the Supreme Court was asked to determine whether statutes that mandate the imposition of life without parole violate the Eighth Amendment when such punishment is imposed upon those who are under the age of eighteen at the time of the offense. 132 S.Ct. at 2460. The Court held that when state law mandates a sentence of life without parole for those who are under the age of eighteen at the time of the offense — without permitting the sentencing authority to

---

[1] The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. XIV.

consider the offender's youth, the attendant circumstances of youth, and the nature of the crime — the Eighth Amendment's prohibition on cruel and unusual punishments is violated, rendering the sentence unconstitutional. *Id.* at 2460, 2469.

In reaching its decision, the Court noted, as it had in prior cases, that "'[t]he concept of proportionality is central to the Eighth Amendment[,]'" and proportionality must be viewed in light of "'evolving standards of decency that mark the progress of a maturing society.'" *Id.* at 2463 (quoting *Graham v. Florida*, 560 U.S. 48, 59 (2010); *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). In certain instances, the concept of proportionality requires categorical bans on sentencing practices that are based on a disparity between the class of offender and the severity of the punishment. *Miller*, 132 S.Ct. at 2463. For example, the Supreme Court has held that imposing the death penalty for crimes other than murder, or imposing it on the mentally retarded or those under the age of eighteen at the time of the offense, violates the Eighth Amendment. *Id.* (citing *Kennedy v. Louisiana*, 554 U.S. 407, 413 (2008) (prohibiting imposition of death penalty for non-homicide crimes); *Atkins v. Virginia*, 536 U.S. 304, 321 (2002) (prohibiting imposition of death penalty on mentally retarded individuals); *Roper v. Simmons*, 543 U.S. 551, 575 (2005) (prohibiting imposition of death penalty on those under age of eighteen at time of offense)). Other times, however, a complete prohibition on the most extreme sentences is not warranted; rather, it is only required that the sentencing authority consider the characteristics of the defendant and the details of the offense before sentencing him. *Miller*, 132 S.Ct. at 2463–64 (citing *Woodson v. North Carolina*, 428 U.S. 280, 303–04 (1976) (plurality opinion) (holding mandatory death penalty for first-degree murder violated Eighth Amendment where sentencing authority could not consider character and record of defendant or circumstances of particular offense); *Locket v. Ohio*, 438 U.S. 586, 606–09 (1978) (holding state death penalty statute violated Eighth Amendment

because it did not permit type of individualized consideration of mitigating factors required in capital cases)). The Supreme Court relied upon the "confluence" of these two lines of cases in concluding the automatic imposition of life without the possibility of parole violates the Eighth Amendment when applied to those who are under the age of eighteen at the time of the offense. *Miller*, 132 S.Ct. at 2464.

The Court held that "[m]andatory life without parole for [one under the age of eighteen] precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences." *Miller*, 132 S.Ct. at 2468. It also precludes the sentencing authority from taking into account the defendant's family and "home environment," a situation over which he generally has no choice and from which he cannot extricate himself. *Id.* Moreover, it does not permit consideration of the circumstances of the offense, including the extent of the defendant's participation and peer pressure. *Id.* According to the Court, "making youth (and all that accompanies it) irrelevant" to the imposition of a sentence of life without the possibility of parole, "poses too great a risk of disproportionate punishment." *Id.* at 2469. Thus, a sentencing scheme that mandates an automatic sentence of life without parole for those who were under the age of eighteen at the time of the offense is unconstitutional. *Id.*

Notably, the Court held this narrow holding was sufficient to decide the cases before it in *Miller*. *Id.* The Court specifically refused to consider the argument that the Eighth Amendment requires a categorical ban on life without parole for those under the age of eighteen. *Id.* However, the Court warned — given its decisions in *Miller*, *Graham*, and *Roper* — that situations in which sentencing those under the age of eighteen to life without the possibility of parole would be appropriate would be rare "because of the great difficulty . . . of distinguishing at this early age between 'the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the

rare juvenile offender whose crime reflects irreparable corruption.'" *Id.* (quoting *Roper*, 543 U.S. at 573).

Although *Miller* did not impose a categorical ban on a sentence of life without parole for those under the age of eighteen at the time of the offense, it appears the Texas Legislature took the Supreme Court's warning to heart. In 2013, while Garza's appeal was pending,[2] the Texas Legislature amended section 12.31 of the Texas Penal Code. Prior to the amendment, if the State chose not to seek the death penalty in a capital case, a trial court was statutorily mandated, upon return of a verdict of guilt, to sentence a defendant, whose case had not been transferred to the district court pursuant to section 54.02 of the Texas Family Code, to life imprisonment without the possibility of parole. Act of May 29, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930, 1930 (amended 2013). This statute would obviously be unconstitutional under the mandates of *Miller*. *See Miller*, 132 S.Ct. at 2460, 2469. However, after the *Miller* decision, the Legislature amended section 12.31.

Pursuant to the amendment, if the defendant committed the capital offense when he was younger than eighteen years of age, the trial court *cannot* sentence him to life without parole; rather, the trial court is mandated to sentence the defendant to life, which includes a possibility of parole. Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1, 2013 Tex. Sess. Law Serv. 4802, 4802 (current version at TEX. PENAL CODE ANN. § 12.31(a) (West Supp. 2014)). Accordingly, the State of Texas has now gone beyond the mandates of *Miller*, placing a categorical ban on the sentence of life without parole for those who are under the age of eighteen at the time of the offense. *Compare Miller*, 132 S.Ct. at 2460, 2469 *with* Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 1,

---

[2] Our original opinion in this case issued on October 24, 2012. Garza filed his petition for discretionary review on December 13, 2012. The court of criminal appeals granted Garza's petition on March 20, 2013, and its mandate, which remanded the matter to this court, issued on July 7, 2014. The appeal was resubmitted in this court on October 20, 2014, after the parties filed supplemental briefs.

2013 Tex. Sess. Law Serv. 4802, 4802 (current version at TEX. PENAL CODE ANN. § 12.31(a)).

When it amended section 12.31, the Legislature made the statute effective as of July 22, 2013. The Legislature specifically provided that the change in the law was applicable to: (1) criminal actions pending on the effective date; (2) cases on appeal on the effective date; and (3) matters commenced on or after the effective date. TEX. PENAL CODE ANN. § 12.31 historical note [Act of July 11, 2013, 83rd Leg., 2d C.S., ch. 2, § 3, 2013 Tex. Sess. Law Serv. 4802, 4803]. As we noted in footnote two of this opinion, this matter was pending on appeal on the effective date of the amended statute. Therefore, we hold the amended version, i.e., the current version, of section 12.31 of the Texas Penal Code is applicable in this case.

Now, we must decide the effect of *Miller* and the amended version of article 12.31 on the matter before us.

### *Application*

Under the applicable law, if Garza was under the age of eighteen at the time of the offense, the trial court could not, under *Miller*, automatically sentence Garza to life without the possibility of parole as it did. However, Garza's age was not an issue at the trial — the Supreme Court's decision in *Miller* had not yet been rendered, and Garza's age at the time of the offense was not definitively established in the record before us. Rather, the record shows that when Garza was arrested in Colorado, he was equivocal about his age. He first told law enforcement authorities he was eighteen, but then told them he was nineteen. When the Colorado authorities advised Garza his friend had told them Garza was seventeen, Garza agreed he was. Given the confusion, and being cautious, Colorado authorities placed Garza in a juvenile detention facility before he was transported back to Texas to face charges.

In addition to the contradictory evidence provided by Garza, as related by Colorado authorities during the trial, the clerk's record contains a single document, the Texas arrest warrant, listing Garza's date of birth as "04/02/1992." The offense took place on September 6, 2009. Thus, if the date of birth on the arrest warrant is correct, Garza was seventeen at the time of the offense. However, there is nothing in the record to establish how, or from whom, the date of birth was obtained.

We fault neither Garza nor the State for the failure to establish Garza's age during trial or prior to sentencing. There was, at the time of trial, no need for a definitive answer with regard to Garza's age because under the law applicable at the time — state and federal — Garza was subject to an automatic sentence of life without the possibility of parole if he was found guilty. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 765, § 1, 2009 Tex. Gen. Laws 1930, 1930 (amended 2013). Thus, it is not surprising that neither the State nor Garza took steps at trial to prove his age at the time of the offense. It is equally obvious why the trial court was not called upon to make any factual finding on the issue of Garza's age. So, given the state of the record, how are we to proceed?

Both parties agree there must be a factual determination as to Garza's age at the time of the offense. The State suggests the burden of proof on the issue should fall on Garza. In support of its position, the State argues age is not an implied element of the crime of capital murder that the State is required to prove. Citing *Ex parte Briseno*, 135 S.W.3d 1 (Tex. Crim. App. 2004), the State likens proof of age under the circumstances presented here, to proof of mental retardation in capital cases. We find the argument persuasive.

In *Briseno*, the defendant, who had been sentenced to death, sought habeas relief, alleging he was not subject to the death penalty because he was mentally retarded. *Id.* at 2. The court of

criminal appeals held the burden was upon the defendant to establish this fact by a preponderance of the evidence. *Id.* at 12. The court explained that a lack of mental retardation is not an implied element of the crime of capital murder that the State must prove. *Id.* at 10. As the court noted, the absence of mental retardation does not increase the penalty of the crime beyond the statutory maximum, and thus, is not an element of the offense. *Id.* at 10, n.36. Rather, proof of mental retardation "exempts" a defendant from the maximum statutory punishment, i.e., death. *Id.* at 10. Thus, the court reasoned the issue of mental retardation is similar to affirmative defenses such as insanity, incompetency to stand trial, and incompetency to be executed. *Id.* at 12.

Similarly, in *Hall v. State*, the court held on direct appeal in a capital case that mental retardation is "comparable to an affirmative defense, and thus, the burden is always upon the defendant to prove that condition by a preponderance of the evidence." 160 S.W.3d 24, 38 (Tex. Crim. App. 2004). The court specifically held that the standards for proving mental retardation at trial and on habeas are the same in either a direct appeal or a habeas proceeding. *Id.*

We find the reasoning in *Briseno* and *Hall* compelling. Garza's age is not an implied element of the offense for which he was charged — capital murder. *See* TEX. PENAL CODE ANN. § 19.03(a) (West Supp. 2014) (setting out elements of offense of capital murder). Rather, proof that Garza was seventeen at the time of the offense merely "exempts" him from the maximum statutory punishment, i.e., life without possibility of parole. *See Briseno*, 135 S.W.3d at 10. Accordingly, we hold that like mental retardation, Garza's age at the time of the offense is in the nature of an affirmative defense, and it is his burden to prove by a preponderance of the evidence that he was seventeen at the time of the offense in order to avoid the penalty of life without the possibility of parole. *See id*; *Hall*, 160 S.W.3d at 38.

Our conclusion on this issue is supported by practicality. It is Garza's own age that must be established. He would naturally have more convenient access to documentation or other evidence establishing his age at the time of the offense, e.g., a birth certificate, driver's license, identification card, etc. Thus, it is not unduly burdensome to require Garza to establish his age at the time of the offense.

Garza argues article 39.14(h) of the Texas Code of Criminal Procedure requires the State, if it has documents or information relating to Garza's age, to turn that information over to Garza. Article 39.14(h) requires the State to disclose to the defendant any document, item, or information in its possession, custody, or control that "would tend to reduce the punishment for the offense charged." Tex. Code Crim. Proc. Ann. art. 39.14(h) (West Supp. 2014). Subsection (h) was added to Article 39.14 in 2013, and the historical notes specifically state the changes to Article 39.14 apply "to the prosecution of an offense committed on or after the effective date [January 1, 2014] of this Act." Tex. Code Crim. Proc. Ann. art. 39.14(h) historical note [Act of May 14, 2013, 83rd Leg., R.S., ch. 49, § 3, 2013 Tex. Sess. Law Serv. 106, 108]. The offense in this case took place September 6, 2009. Thus, article 39.14 is inapplicable. However, if this provision were applicable, Garza's argument presupposes the State has such information in its possession, and there is nothing before this court that mandates such a conclusion.

In sum, we hold the burden of proof is upon Garza to establish by a preponderance of the evidence that he was under the age of eighteen at the time of the offense, which was September 6, 2009. Under the applicable law — *Miller* and the current version of section 12.31(a) of the Penal Code — if Garza carries his burden, the trial court must sentence him to life as opposed to life without the possibility of parole. *See* Tex. Penal Code Ann. § 12.31(a)(1); *Miller*, 132 S. Ct. at 2460, 2469. If, on the other hand, Garza fails to prove by a preponderance of the evidence that he

was under the age of eighteen at the time of the offense, the trial court must sentence him to life without the possibility of parole. *See* TEX. PENAL CODE ANN. § 12.31(a)(2).

## CONCLUSION

Based on the foregoing, we sustain Garza's sole issue. We reverse the trial court's sentence of life without the possibility of parole, and we remand this matter to the trial court for resentencing in accordance with this court's opinion.

Marialyn Barnard, Justice

Publish