ACCEPTED
04-15-00456-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/14/2015 2:34:44 PM
KEITH HOTTLE
CLERK

NO. 04-15-00456-CR

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/14/15 2:34:44 PM
KEITH E. HOTTLE
Clerk

JAMES GARZA.

Appellant

V.

THE STATE OF TEXAS,

Appellee

ON APPEAL FROM THE 290th DISTRICT COURT
OF BEXAR COUNTY TEXAS
CAUSE NUMBER 2009-CR-12648A

BRIEF FOR THE APPELLANT

EDWARD F. SHAUGHNESSY
206 E. Locust Street
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (FAX)
Shaughnessy727@gmail.com
SBN 18134500

ORAL ARGUMENT REQUESTED          ATTORNEY FOR APPELLANT

TABLE OF CONTENTS

Table of Contents ........................................................................................ ii

Table of Interested Parties .......................................................................... iii

Table of Authorities ..................................................................................... iv

Brief for the Appellant ................................................................................. v

Summary of the Argument .......................................................................... 6

Argument and Authorities ........................................................................... 9

Conclusion and Prayer ............................................................................... 10

Certificate of Service .................................................................................. 12

Certificate of Compliance .......................................................................... 12

# PARTIES AND COUNSEL

TRIAL COUNSEL FOR THE STATE:

WENDY WILSON
Assistant Criminal District Attorney
Bexar County, Texas
401 W. Nueva
San Antonio, Texas 78205

TRIAL COUNSEL FOR APPELLANT:

EDWARD F. SHAUGHNESSY, III
206 E. Locust
San Antonio, Texas 78212

APPELLANT'S ATTORNEY ON APPEAL:

EDWARD F. SHAUGHNESSY, III
206 E. Locust Street
San Antonio, Texas
(210)212-6700
(210) 212-2178 Fax
SBN 18134500

TRIAL JUDGE:

MELISA SKINNER
290th Judicial District
Bexar County, Texas

# TABLE OF AUTHORITIES

Cases

*Bear Cloud v. State, 334 P.3d 132 (Wyoming 2014)*…….……………...…….…...10

*Eddings v. Oklahoma, 102 S. Ct. 869 (1987)*….…………………......…….…10

*Miller v. Alabama, ____ U.S.____, 132 S. Ct. 2455 (2012)*….……...……......7, 8, 9, 10

*State v. Dull, 351 P.2d 641 (Kansas 2015)*………………………………….10

*State v. Lyle, 854 N.W.2d 378 (Iowa 2014)*…………………………..……...10

| | | |
|---|---|---|
| JAMES GARZA, | § | COURT OF APPEALS, FOURTH |
| Appellant | § | |
| V. | § | COURT OF APPEALS DISTRICT |
| THE STATE OF TEXAS, | § | |
| Appellee | § | SAN ANTONIO, TEXAS |

BRIEF FOR THE APPELLANT

TO THE HONORABLE COURT OF APPEALS:

Now comes the appellant, James Garza and files this brief in Cause No. 04-14-00456-CR. The appellant appeals from a judgment of the 290th District Court of Bexar County, Texas.

The appellant was indicted by a Bexar County grand jury for the offense of Capital Murder on December 16, 2009. He was subsequently convicted by a jury and sentenced to Life, without the possibility of parole, in the Texas Department of Criminal Justice- Institutional Division. That conviction was and sentence was appealed to this Court. On October 12, 2012, this Court affirmed the judgment of the trial Court in all respects. See: *Garza v. State, (04-22-00891-CR, Tex. App.-San*

*Antonio, October 24, 2012) (2012 WL 5236048).* The appellant subsequently sought and obtained a Petition for Discretionary Review to the Court of Criminal Appeals. On June 11, 2014, that Court reversed the judgment of this Court and remanded the cause, to this Court, for further proceedings. *Garza v. State, 435 S.W. 3d 258 (Tex. Crim. App. 2014).*

This Court subsequently reversed and remanded the cause to the trial Court for purposes of resentencing. *Garza v. State, 453 S.W.3d 548 (Tex. App.-San Antonio, 2014)*

The appellant thereafter appeared in the 290th District Court for purposes of resentencing. (C.R.-179, 180, 181) Following a sentencing hearing conducted, before the trial Court, the appellant was sentenced to Life in the Texas Department of Criminal Justice-Institutional Division. (S.C.R.-3, 4) The appellant thereafter filed a written notice of appeal and this appeal was pursued. (C.R.-173)

## SUMMARY OF ARGUMENT

The trial Court erred in refusing to provide the appellant a sentencing hearing that complied with the dictates of the United States Supreme Court set forth in *Miller v. Alabama, ____ U.S.____, 132 S.Ct. 2455 (2012).*

## STATEMENT OF APPLICABLE FACTS

Prior to the sentencing hearing, ordered by this Court in its opinion of December 23, 2014, the appellant caused to be filed a written Motion fro Appointment of an Independent Expert Witness. (C.R.-167) That motion sought two species of relief from the trial Court prior to the "resentencing" hearing ordered by this Court. It sought to have the trial Court to appoint an expert witness in the issue of "mitigation". In addition the motion requested that the "resentencing" be conducted before a jury and that, the potential range be that of a traditional first degree felony (Five years to Life)[1]. (C.R.167 thru 170) On the date the

---

[1] Prior to the onset of the trial the appellant had caused to be file a written Election of Punishment wherein he notified that he desired that a jury assess his punishment in the

7

case was called for the "resentencing", that motion was presented to the trial Court. After hearing arguments from counsel, the trial Court denied the relief requested in the motion. (R.R.-9)

The trial Court then proceeded with an evidentiary hearing limited to the single issue of whether or not the appellant was seventeen years of age at the time of the commission of the offense. The appellant presented evidence that established that he was seventeen years of age at the time of the commission of the offense. The State of Texas presented no evidence to contradict the appellant's evidence on that particular issue. The trial Court then made a factual finding that the appellant was seventeen years of age at the time of the commission of the offense. (R.R.-13) Thereafter the trial Court assessed the appellant's punishment as Life in the Texas Department of Criminal Justice-Institutional Division with the possibility of parole. (R.R.-14) An amended judgment was entered to reflect the action of the trial Court. (S.C.R.-3,4)

APPELLANT'S SOLE POINT
OF ERROR


THE TRIAL COURT ERRED, IN VIOLATION OF
THE EIGHTH AMENDMENT TO THE
UNITED STATES CONSTITUTION, IN REFUSING
THE APPELLANT'S REQUEST FOR A PUNISHMENT
HEARING CONSISTENT WITH THE HOLDING OF THE
UNITED STATE SUPREME COURT IN
*MILLER V. ALABAMA, ___U.S.___, 132 S.CT. 2455 (2012)*


ARGUMENT AND AUTHORITIES

As has been noted by both this Court and the Court of Criminal Appeals, the appellant has never been accorded a sentencing hearing of any sort and has been sentenced initially to Life without the possibility of parole, and thereafter to Life. As a consequence, the seventeen year old defendant[2] has never been accorded a sentencing hearing which allowed him to present meaningful mitigation evidence, the Eighth Amendment to the United States Constitution[3], as recently construed in the context of defendant's under the age of eighteen at the time of the offense, mandates that offenders seventeen years of age or younger be

---

[2] At the time of the offense.
[3] Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

9

accorded a sentencing hearing that allows a sentence to take into account the background and mental and emotional development of a youthful defendant be duly considered in assessing his culpability. *Miller v. Alabama, supra, pg. 2467.* (Citing: *Eddings v. Oklahoma, 102 S.Ct. 869 (1987)).* The Court explained the rationale behind its holding that life without the possibility of parole for youthful offenders was inconsistent with the Eighth Amendment in the following terms:

> Such mandatory penalties, by their nature, preclude a sentencer from taking account of an offender's age and the wealth of characteristics and circumstances attendant to it. *Miller v. Alabama, supra at 2468.*

The sentencing protocol employed in the instant case is fundamentally indistinguishable from that found flawed in *Miller.* Life in confinement is no less a mandatory sentence than Life in confinement without the possibility of parole. Consequently a mandatory sentence of life for a youthful offender, such as that imposed herein, is violative of the Eighth Amendment because it is a sentence that wholly fails to allow for the admission and consideration of mitigating factors attributable to the youth of the offender. See: *State v. Dull, 351 P.2d 641 (Kansas 2015); State v. Lyle, 854 N.W.2d 378 (Iowa 2014); Bear Cloud v. State, 334 P.3d 132 (Wyoming 2014).*

10

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant, James Garza, prays that this Court, reverse the judgment of the trial Court and remand the cause for purposes of a new punishment hearing and a sentence imposed by a jury.

*/s/Edward F. Shaughnessy,III*

EDWARD F. SHAUGHNESSY, III
206 E. Locust
San Antonio, Texas 78212
(210) 212-6700
(210) 212-2178 (fax)
SBN 18134500
Shaughnessy727@gmail.com
Attorney for the appellant

## CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, III, attorney for the appellant hereby certify that a true and correct copy of the instant pleading was served upon Nico LaHood, Criminal District Attorney for Bexar County, 401 W. Nueva,  San Antonio, Texas 78205 by use of the U.S. Mail on this the__14__ October, 2015.


/s/ Edward F. Shaughnessy,III

Edward F. Shaughnessy, III

Attorney for the Appellant


## CERTIFICATE OF COMPLIANCE

I, Edward F. Shaughnessy, III, attorney for the appellant, hereby certify that the instant document contains  1365  words.


//Edward F. Shaughnessy,III

Edward F. Shaughnessy, III