Jennifer Caughey, Justice
A jury convicted John Larue Simpson of murder and assessed his punishment at life in prison and a $10,000 fine. On appeal, Simpson argues that the trial court erred by failing to sua sponte instruct the jury on sudden passion. We find no error and affirm.
Background
Shazaib "Shawn" Nizamani and Javed Nizamani worked at Barrett Grocery Store. On October 8, 2015, Simpson and *710 other men were loitering outside the store, drinking, and being noisy. Shawn and Javed had previously encountered Simpson, and they decided he was not allowed in the store.
Shawn told the group of loitering men that they needed to leave, and he and Simpson got into a heated argument. Shawn and Javed tried to lure Simpson into the store so Simpson could be arrested for trespassing. When these efforts failed, Javed called 911. Shawn and Javed continued arguing with Simpson from inside the store while Simpson stood outside. Eventually, Shawn hit the inside of the front window of the store in frustration, shattering the glass.
Simpson walked away from the store and talked to two of the men with him. He then walked down the street, away from the store. Approximately 20 minutes later, Simpson came back to the store wearing different clothes. He fired a gun through the broken front window, hitting Shawn and killing Javed.
Simpson was arrested one week later and charged with murder. The jury found Simpson guilty of murder and assessed his punishment at life in prison. Simpson did not request a sudden passion jury instruction; nor did he object to its absence.
Simpson appealed.
Discussion
In his sole issue, Simpson contends that the trial court erred by failing to sua sponte instruct the jury on sudden passion. It did not.
A. Standard of Review
In analyzing a jury-charge issue, our first duty is to decide whether error exists. See Almanza v. State , 686 S.W.2d 157, 174 (Tex. Crim. App. 1984) (op. on reh'g); Tottenham v. State , 285 S.W.3d 19, 30 (Tex. App.-Houston [1st Dist.] 2009, pet. ref'd). Only if we find error do we then consider whether an objection to the charge was made and analyze for harm. Tottenham , 285 S.W.3d at 30.
B. Analysis
Because Simpson neither requested a sudden passion instruction nor objected to its absence, the trial court did not err by failing to submit a sudden passion instruction to the jury.
"At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause." TEX. PENAL CODE § 19.02(d) ; Dukes v. State , 486 S.W.3d 170, 180 (Tex. App.-Houston [1st Dist.] 2016, no pet.). If the evidence raises the issue of sudden passion, during either phase of trial, the trial court must submit the issue in the jury charge if the defendant requests it. Dukes , 486 S.W.3d at 180.
A trial court is nevertheless required to submit instructions only on "the law applicable to the case." TEX. CODE CRIM. PROC. art. 36.14. An "unrequested defensive issue is not the law applicable to the case." Taylor v. State , 332 S.W.3d 483, 487 (Tex. Crim. App. 2011) (citing Posey v. State , 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) ).
Sudden passion is a defensive issue. See Newkirk v. State , 506 S.W.3d 188, 192 (Tex. App.-Texarkana 2016, no pet.) (concluding that sudden passion is a defensive issue); Leifester v. State , No. 01-00-00906-CR, 2001 WL 1587407, at *3 (Tex. App.-Houston [1st District] 2001, pet. ref'd) (not designated for publication) (same); see also Beltran v. State , 472 S.W.3d 283, 290 (Tex. Crim. App. 2015) (referring to sudden passion as a defensive issue).
*711 Thus, for sudden passion to become the law applicable to the case, a defendant must request an instruction on it or object to its absence. Leifester , 2001 WL 1587407, at *3 ("Here, appellant did not request an instruction on the defensive issue of 'sudden passion,' nor did he object to its absence. We hold the trial court had no duty to instruct the jury on this unrequested defensive issue."); see Newkirk , 506 S.W.3d at 191-92 (collecting cases and concluding "that sudden passion is a defensive issue which must be requested by the defendant in order to become 'the law applicable to the case.' Accordingly, because Newkirk failed to request a sudden-passion instruction, the trial court had no duty to sua sponte include it in the punishment charge."); Swaim v. State , 306 S.W.3d 323, 325 (Tex. App.-Fort Worth 2009, pet. ref'd) (similar).
Simpson acknowledges that he did not "explicit[ly] request" a sudden passion instruction, and the record reflects no objection to its absence. That resolves this dispute. The trial court did not err by failing to instruct the jury on sudden passion. See Leifester , 2001 WL 1587407, at *3 ; Newkirk , 506 S.W.3d at 192.
Simpson nevertheless argues that the trial court erred because "the issue was raised by the evidence, and the record is clear that counsel expected the jury to be instructed on it."[1] But even if some evidence may have implicated sudden passion, the trial court was not required to sua sponte submit an instruction on it. See Taylor , 332 S.W.3d at 486-87 ; Leifester , 2001 WL 1587407, at *3 ; see also Tolbert v. State , 306 S.W.3d 776, 779-82 (Tex. Crim. App. 2010) (defensive issues "frequently depend upon trial strategy and tactics").
We overrule Simpson's sole issue.
Conclusion
We affirm the trial court's judgment.

The only references to sudden passion in the record occurred outside the presence of the jury, when Simpson was being questioned about whether he wished to testify and whether he understood the punishment range and enhancement.