

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0787-18

---

### DEMOND FRANKLIN, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

---

**KELLER, P.J., delivered the opinion for a unanimous Court.**

Appellant was charged with capital murder,[1] and the State waived the death penalty. Upon conviction, he was sentenced to the mandatory sentence of life without parole.[2] On appeal, Appellant claimed for the first time that the age of a defendant at the time of an offense is an element of the offense that must be proven by the State. On the basis of this proposition, he argues that his

---

[1] *See* TEX. PENAL CODE § 19.03(a).

[2] *See id.* §§ 12.31(a)(2), 19.03(b).

sentence should be life *with* the possibility of parole. We disagree, and consequently, we affirm the judgment of the court of appeals.

## I. BACKGROUND

In the court of appeals, Appellant contended, among other things, that the trial court erred in imposing a sentence of life without parole, "because the State neither alleged, nor supported with any evidence, that Appellant was at least eighteen [18] years of age on the date of the offense."[3] The point of error did not state a legal basis for the claim, but in the argument section, Appellant cited *Miller v. Alabama*[4] for the proposition that it is unconstitutional to impose a mandatory sentence of life without parole on someone who was under age 18 at the time of the offense. First, relying upon our opinion in *Garza v. State*,[5] Appellant observed that a *Miller* claim is not subject to forfeiture by inaction. Second, without specifically claiming that the evidence was insufficient, he also cited authority for the proposition that the sufficiency of the evidence may be challenged for the first time on appeal. Finally, citing to Texas statutes, Appellant pointed out that the penalty for a capital crime depends on how old the defendant was on the date of his offense.[6]

In addressing Appellant's point of error, the court of appeals initially reaffirmed its holding in a prior case that a capital-murder defendant's age at the time of the offense "is in the nature of an

---

[3] Bracketed material in Appellant's brief.

[4] 567 U.S. 460 (2012).

[5] 435 S.W.3d 258 (Tex. Crim. App. 2014).

[6] *See* TEX. PENAL CODE §§ 12.31(a), 19.03(b).

affirmative defense."[7] The court of appeals concluded that proof of age was like proof of intellectual disability, which had been held to be comparable to an affirmative defense.[8] The court noted that "the appellate record is completely devoid of any evidence regarding Franklin's date of birth."[9] The court concluded that, because Appellant "failed to raise the issue of whether he was eighteen years' old at the time of the offense, the issue cannot be raised now on direct appeal."[10]

## II. ANALYSIS

### A. *Miller*

In his first ground for review, Appellant contends that the court of appeals erred in concluding that his *Miller* claim was forfeited by inaction. In *Miller*, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[11] We held in *Garza* that a *Miller* claim is not forfeited by the failure to raise it at trial.[12]

Appellant's case does not fall under *Miller*. The heart of a *Miller* claim is the assertion that the Constitution would be violated by applying a mandatory sentence of life without parole to the defendant because he was underage at the time of his offense. Appellant does not claim that he was

---

[7] *Franklin v. State*, No. 04-17-00139-CR, 2018 Tex. App. LEXIS 4716, *13 (Tex. App.—San Antonio June 27, 2018) (not designated for publication) (citing *Garza v. State*, 453 S.W.3d 548 (Tex. App.—2014, pet. ref'd).

[8] *Id.*

[9] *Id.*

[10] *Id.* at *13-14.

[11] 567 U.S. at 465.

[12] 435 S.W.3d at 263.

under the age of 18 at the time of his offense. The claim that he calls a *Miller* claim concerns who has the burden to prove age. Appellant relies upon *Miller* to argue that he did not need to preserve his claim at trial. But invoking *Miller* does not cast a magic cloak of unforfeitability over a claim. A defendant who wishes to rely on *Miller* must claim that he was under the age of 18 at the time of his offense. Because Appellant has not done so, either at trial or on appeal, a *Miller* claim is not before us. We agree with the court of appeals that, because he did not raise his claim regarding who bears the burden on the issue of age, he has forfeited this claim.[13]

Appellant also suggests that he might be entitled to a remand to litigate and substantiate a *Miller* claim. For this proposition, he cites the court of appeals's remand opinion in *Garza*.[14] That opinion is not binding on us, and we need not decide here whether we would find it persuasive on its facts because that case is distinguishable. Because, unlike Garza, Appellant has not raised a *Miller* claim, he is not entitled to a remand.

## B. Sufficiency of the Evidence

In his second ground, Appellant contends that the court of appeals erred in ruling that a defendant's age at the time of the offense is an affirmative defense for which the defendant bears the burden of proof. He seems to be claiming that the evidence is insufficient to support his sentence of life without parole because the State had the burden of proof as to his age and failed to meet that burden. Because sufficiency claims may be raised for the first time on appeal,[15] we address this

---

[13] *See Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013) ("The vast majority of errors must be preserved.").

[14] *See Garza v. State*, 453 S.W.3d 548 (Tex. App.—San Antonio 2014, pet. ref'd).

[15] *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012).

claim as it bears on the sufficiency of the evidence.

We have held that the issue of intellectual disability is like an affirmative defense and that the defendant has the burden to prove it by a preponderance of the evidence, whether the issue is raised at trial or on habeas.[16] An age-based ineligibility claim is like an *Atkins*[17] intellectual-disability claim in that a characteristic of the defendant that mitigates moral culpability creates an exemption with respect to punishment. Given this similarity, we agree with the court of appeals that a person asserting such a claim has the burden to prove that he falls within the applicable class of persons.

Appellant also argues that the defendant's age has been made an element of capital murder by statute. He claims that Penal Code § 12.31 essentially creates an offense of "aggravated capital murder" that contains the aggravating element of being 18 years of age or older, with a punishment of life without parole instead of a life sentence that allows for parole. Consequently, he claims, absent evidence of his age, the State has failed to prove that aggravating element, and he must be convicted of the "lesser" offense of "regular capital murder." Appellant's argument poses an issue of statutory construction.

In construing a statute, we give effect to the plain meaning of its text unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended.[18] We read words and phrases in context and construe them according to the rules of

---

[16] *Gallo v. State*, 239 S.W.3d 757, 770 (Tex. Crim. App. 2007).

[17] *Atkins v. Virginia*, 536 U.S. 304 (2002) (exempting intellectually disabled persons from the death penalty).

[18] *Oliva v. State*, 548 S.W.3d 518, 521 (Tex. Crim. App. 2018); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

grammar and usage.[19] A statute must be read as a whole in determining the meaning of particular provisions,[20] and it is presumed that the entire statute is intended to be effective.[21] If we find ambiguity or absurd results, we can consult extratextual factors, including (1) the object sought to be attained, (2) the circumstances under which the statute was enacted, (3) the legislative history, (4) common law or former statutory provisions, including laws on the same or similar subjects, (5) the consequences of a particular construction, (6) administrative construction of the statute, and (7) the title (caption), preamble, and emergency provision.[22]

Penal Code § 12.31(a) provides:

An individual adjudged guilty of a capital felony in a case in which the state seeks the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for life without parole or by death. An individual adjudged guilty of a capital felony in a case in which the state does not seek the death penalty shall be punished by imprisonment in the Texas Department of Criminal Justice for:

(1) life, if the individual committed the offense when younger than 18 years of age; or
(2) life without parole, if the individual committed the offense when 18 years of age or older.[23]

A review of the statutory text makes clear that the language relating to age does not prescribe an element of a capital murder offense but is a matter relating to punishment. The age of the offender comes into play only after he has been "adjudged guilty of a capital felony," and the statute

---

[19] *Wagner v. State*, 539 S.W.3d 298, 306 (Tex. Crim. App. 2018).

[20] *Hines v. State*, 906 S.W.2d 518, 520 (Tex. Crim. App. 1995).

[21] TEX. GOV'T CODE § 311.021(2).

[22] *Oliva*, 548 S.W.3d at 521-22.

[23] TEX. PENAL CODE § 12.31(a).

says that such an offender shall be "punished by" a certain amount depending on his age at the time of the offense.[24] These quoted phrases signify a punishment matter.[25] In addition, the statute appears in the subchapter titled "Ordinary Felony Punishments."[26]

The remaining question is whether age is a punishment enhancer, and so, an element from a constitutional perspective that has to be proven by the State beyond a reasonable doubt.[27] Appellant contends that it is, but we disagree. The United States Supreme Court has held that the State may "choose[] to recognize a factor that mitigates the degree of criminality or punishment" without being required "to prove its nonexistence."[28] We have followed this holding, concluding that the United States Constitution does not require the State to bear the burden of proof on an issue that, if answered affirmatively, would reduce, rather than increase, the sentence.[29] If being under age 18 is

---

[24] *See Oliva*, 548 S.W.3d at 532 ("[T]he words 'punished for,' 'punishable by,' or similar language ordinarily mark an enhancing provision as a punishment issue."); *State v. Engleking*, 817 S.W.2d 64, 65-66 (Tex. Crim. App. 1991) ("language following 'punishable by' was a punishment issue").

[25] *See supra* at n.24.

[26] *See* TEX. PENAL CODE, Ch. 12, Subch. C.

[27] *See Alleyne v. United States*, 570 U.S. 99, 115-16 (2013) ("The essential point is that the aggravating fact produced a higher [punishment] range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt."); *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.").

[28] *Patterson v. New York*, 432 U.S. 197, 209 (1977) (allowing a state to place the burden on the defendant to prove extreme emotional disturbance that would reduce an offense from murder to manslaughter).

[29] *Perry v. State*, 158 S.W.3d 438, 448 & n.14 (Tex. Crim. App. 2004) ("It is clear that *Apprendi*, *Ring* and *Blakely* apply only to *aggravating* facts that the prosecution must prove to support a particular sentence. . . . A state may, without violating due process, even require a

a fact that reduces the otherwise applicable sentence, then a statute can place the burden of proof on the defendant to show that fact without violating the Constitution.

If subdivisions (1) and (2) of § 12.31(a) are viewed in isolation, then we are confronted with two prescribed punishments, with the age of 18 or older attached to the higher punishment and with being under age 18 attached to the lower punishment. Both subdivisions cannot prescribe elements the State must prove because that would lead to the absurd result of placing a defendant's punishment in legal limbo, where, as in the present case, there is no evidence of the defendant's age. In isolation, the first subdivision could be viewed as a punishment aggravator (that the State must prove) while the second subdivision could be viewed as a punishment mitigator (with a burden of production or proof on the defense). Such a construction would cause these subdivisions to conflict.

But there is more to the statute than these two subdivisions. As quoted above, § 12.31(a) says that if the State seeks the death penalty, then the maximum punishment is death and the minimum punishment is life without parole. Under the statutory language, a different allocation of punishments based on age occurs only when the State chooses not to seek the maximum punishment of death.

To fully appreciate the significance of this language, we must also consider the provision found at § 8.07(c): "No person may, in any case, be punished by death for an offense committed while the person was younger than 18 years."[30] The Penal Code makes § 8.07(c) a defensive issue. The provision is found in Chapter 8, which is titled "General Defenses to Criminal Responsibility,"[31]

_____

defendant to prove facts in mitigation of punishment.") (citing *Patterson*).

[30] TEX. PENAL CODE § 8.07(c).

[31] *See* TEX. PENAL CODE, Ch. 8.

and it is unambiguously worded as a punishment exemption. The Penal Code does not, however, label this exemption as an affirmative defense, nor does it include in the exemption punishment language reminiscent of an affirmative defense.[32] Because the exemption in § 8.07(c) is not plainly labeled as an affirmative defense, it should be treated like a defense,[33] which means the defendant has the burden to produce evidence supporting the defense,[34] and the State has the burden, once that is done, to disprove the defense beyond a reasonable doubt.[35] Consequently, § 8.07(c) prescribes a defensive issue with respect to the punishment of death, and the defendant logically carries the burden of producing some evidence that he committed the offense while he was younger than age 18. If he produces such evidence, the State must then prove beyond a reasonable doubt that the defendant was in fact 18 years old or older.

The interaction between §§ 8.07(c) and 12.31(a) supports a conclusion that the status of being under age 18 is a defensive issue whenever that status is implicated in a capital murder prosecution. If being under age 18 is a defensive issue to the death penalty as a punishment, then logically, it would also be a defensive issue as to the lesser punishment of life without parole. The idea is that

---

[32] For an example of the latter, *see* TEX. PENAL CODE § 19.02(d) ("At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree.").

[33] *See id.* § 2.03(e) ("A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense."); *Williams v. State*, 851 S.W.2d 282, 286 (Tex. Crim. App. 1993) (taking guidance from § 2.03(e) in determining that the safe-place punishment-mitigation issue for the offense of aggravated kidnapping should be treated like a defense for burden-of-proof purposes).

[34] *See* TEX. PENAL CODE § 2.03(c).

[35] *See id.* § 2.03(d).

being under age 18 makes one *less* culpable; it would makes no sense to make it *more* difficult to show the age exemption when the punishment exposure (death) is greater.

In addition, the placement and language of § 12.31 suggest that the statute was not intended to create an "age 18 or older" enhancing factor. The statute's placement in Subchapter C, titled, "Ordinary Felony Punishments" carries some suggestion that it does not contain punishment enhancements. Moreover, of the four other Penal Code sections in that subchapter, only the one relating to state jail felonies appears to contain punishment enhancements,[36] and the enhancing provisions are prefaced by language requiring proof: "if it is shown on the trial of the offense that . . . ."[37] This type of language is strongly associated with punishment enhancements[38] but is missing from § 12.31. This is a further indication that § 12.31 should not be read in isolation but should be read in conjunction with § 8.07(c) to determine what role the age issue plays in arriving at the punishment for a capital felony. Consequently, the language of § 12.31 creates a defensive issue of being under age 18 rather than a punishment enhancing issue of being 18 years of age or older.

Because the age issue in § 12.31 is a defensive issue, Appellant had the burden to produce some evidence that he was under age 18 at the time of the offense. Because the record is devoid of any such evidence, Appellant's sufficiency claim necessarily fails.

### C. Waiver

In Appellant's final ground he states:

Even if defendants bear the burden to prove when they were born, the court of

---

[36] *See id.* §§ 12.32, 12.33, 12.34, 12.35.

[37] *See id.* § 12.35(c).

[38] *Oliva*, 548 S.W.3d at 527.

> appeals erred in affirming the instant judgment because the trial court never secured an express waiver from Appellant, admission from Appellant, or finding of fact that Appellant was indeed over the age of eighteen [18] on October 22, 2014.

Appellant argues that the issue of his age was at least a *Marin*[39] category two right, meaning that it was (at most) waivable only. He further contends that he did not expressly waive such a right and is entitled to a remand for a new punishment hearing to litigate the age issue before a jury. He does not explain exactly which right he is referring to.

If Appellant is referring to his right under *Miller* not to be subject to a mandatory life sentence for a crime committed while under age 18, Appellant is correct that it is at least a waivable-only right, but as we have explained, he has failed to make the claim that was made in *Miller*. And as a matter in the nature of an affirmative defense, it was Appellant's burden to produce evidence and to prove that he was under age eighteen at the time of the offense. He has not done this.

Even assuming, without deciding, that Appellant has a right to *develop* a *Miller* claim, that does not mean he has a right to do so in any forum he chooses. Nothing in this record suggests that Appellant has a valid *Miller* claim, and he did not, at the trial level, request an opportunity to litigate such a claim. Under those circumstances, the trial court cannot be faulted for failing to litigate a *Miller* claim, and, as we have explained earlier, we have no basis for remanding to address such a claim.

If Appellant is referring to his due process right to legally sufficient evidence with respect to the statutory defensive issue, he may be correct that it is a non-forfeitable right, but a sufficiency claim does not involve a right to a remand for the purpose of taking evidence on the challenged issue; either the evidence is sufficient or it is not. As we have explained earlier, because he had the

---

[39] *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

burden of producing evidence to support his defense and he has not done so, his sufficiency claim fails.

Finally, if Appellant is referring to his right to submit a statutory defensive issue regarding his age to a trier of fact, that claim *is* a forfeitable claim.[40]

We affirm the judgment of the court of appeals.

Delivered: July 3, 2019

Publish

---

[40] *Chase v. State*, 448 S.W.3d 6, 12 n.27 (Tex. Crim. App. 2014); *Posey v. State*, 996 S.W.2d 57, 63 (Tex. Crim. App. 1998).