**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00460-CR**
_____

**JERRY CHARGOIS WILLIAMS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause No. B180045-R**

**MEMORANDUM OPINION**

In his sole issue on appeal, appellant Jerry Chargois Williams complains that the trial court erred during the punishment phase of the trial by submitting a defective jury instruction on manslaughter that omitted sudden passion. We affirm the trial court's judgment.

1

## Pertinent Procedural Background

In February 2018, a grand jury indicted Williams for murder. In November 2018, a jury found Williams guilty of murder after being provided with an instruction on the lesser-included offense of manslaughter. Williams elected to have the jury assess his punishment. At the conclusion of the punishment phase of the trial, Williams did not object to the punishment charge or request an instruction on sudden passion. The jury assessed Williams's punishment at confinement for life. Williams filed a motion for new trial, which was overruled by operation of law. Williams appealed.

## Analysis

In his sole issue, Williams complains that the trial court erred during punishment by submitting a jury instruction on manslaughter that omitted sudden passion. The State argues that there was no error because Williams did not ask the trial court to include an instruction on sudden passion or object to its absence in the charge.

When reviewing alleged charge error, we determine whether error existed in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). "Only if we find error do we then consider whether an objection to the charge was made and

2

analyze for harm." *Tottenham v. State*, 285 S.W.3d 19, 30 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). If jury-charge error exists and a defendant does not object to the alleged error at trial, we may reverse the judgment only if the error is so egregious that the defendant did not receive a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). "Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). In assessing the degree of harm, we must consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza*, 686 S.W.2d at 171.

"At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause." Tex. Penal Code Ann. § 19.02(d). A trial court is only required to submit instructions on "the law applicable to the case[.]" Tex. Code Crim. Proc. Ann. art. 36.14. Article 36.14 imposes no duty on a trial court to *sua sponte* instruct the jury on an unrequested defensive issue. *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011). Sudden passion is a defensive issue, and

3

an "unrequested defensive issue is not the law applicable to the case." *Id.*; *Newkirk v. State*, 506 S.W.3d 188, 191-92 (Tex. App.—Texarkana 2016, no pet).

We conclude the trial court did not err by failing to *sua sponte* submit a sudden passion instruction during punishment because Williams did not request an instruction on the defensive issue or object to its absence. *See Simpson v. State*, 548 S.W.3d 708, 711 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd); *Swaim v. State*, 306 S.W.3d 323, 325 (Tex. App.—Fort Worth 2009, pet. ref'd); *Newkirk*, 506 S.W.3d at 191-92. Because no error exists, we need not analyze for harm. *See Tottenham*, 285 S.W.3d at 30. We overrule Williams's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 2, 2020
Opinion Delivered April 29, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

4