# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00199-CR

---

**Randall Jones, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 167TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-19-904002, THE HONORABLE DAVID P. WAHLBERG, JUDGE PRESIDING

---

## O P I N I O N

On January 23, 2019, appellant Randall Jones waived a jury trial and in an open plea to the court, pleaded guilty to the first-degree felony offense of murder. *See* Tex. Penal Code § 19.02. At the conclusion of the punishment phase, the trial court sentenced Jones to forty years' imprisonment in the Texas Department of Criminal Justice – Institutional Division. In one issue on appeal, Jones argues that the evidence is legally insufficient to support the trial court's determination that he was not acting under sudden passion when he caused the victim's death.

The State makes two arguments in response to Jones's issue. First, the State argues that the trial court did not make a negative finding, implicit or express, on the issue of sudden passion because Jones did not raise the issue of sudden passion at the punishment hearing. Thus, in the State's view, there is no finding by the trial court for this Court to review. Second, the State argues that even if we could construe the trial court's actions as an implicit rejection of an unraised sudden-passion issue, there is at least some evidence in the record to support this rejection and that

the record does not show that sudden passion was established a matter of law. *See Goano v. State*, 498 S.W.3d 706, 710 (Tex. App.—Dallas 2016, pet. ref'd) (noting that when reviewing evidence on negative sudden-passion finding for legal sufficiency, appellate court first "review[s] the record for a scintilla of evidence to support the jury's negative finding" and "[i]f [the appellate court] find[s] no evidence that supports the finding, [the court] determine[s] whether the contrary proposition was established as a matter of law"). We consider first the threshold issue of whether the trial court, in fact, made a negative finding as to sudden passion that we can review for evidentiary sufficiency.

Section 19.02 of the Texas Penal Code provides that a defendant accused of murder may raise at the punishment stage, "the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause." Tex. Penal Code § 19.02(d). "If a defendant proves the issue of sudden passion by a preponderance of the evidence," the offense level is reduced to that of a second-degree felony. *Id.* On appeal, Jones concedes that he did not raise or argue the issue of sudden passion during his punishment hearing. Nevertheless, Jones argues that the trial court implicitly rejected the issue of sudden passion and that this rejection is not supported by the evidence because, according to Jones, the evidence presented at the hearing established as a matter of law that he was acting under sudden passion. *Cf. Benitez-Benitez v. State*, No. 13-18-00191-CR, 2018 Tex. App. LEXIS 10067, at *11, 27 (Tex. App.—Austin Dec. 7, 2018, no pet.) (mem. op., not designated for publication) (noting in case where defense argued at punishment hearing that defendant acted under sudden passion that "the district court implicitly rejected [appellant's] sudden-passion claim by punishing the murder conviction as a first-degree felony rather than as a second-degree felony" and concluding evidence was legally sufficient to support this negative finding). Effectively, Jones argues that the trial court had a duty to *sua sponte*

2

consider the issue of sudden passion because it was raised by the evidence and that, therefore, the court's failure to punish him for a second-degree felony was an implicit rejection of the issue.

The plain language of section 19.02(d) reflects that sudden passion is a defensive issue. *See Simpson v. State*, 548 S.W.3d 708, 710 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (stating that "[s]udden passion is a defensive issue"); *Newkirk v. State*, 506 S.W.3d 188, 192 (Tex. App.—Texarkana 2016, no pet.) (concluding that "sudden passion is a defensive issue"); *see also Beltran v. State*, 472 S.W.3d 283, 290 (Tex. Crim. App. 2015) (referring to sudden passion as "a defensive issue"); *cf. Franklin v. State*, 579 S.W.3d 382, 388 (Tex. Crim. App. 2019) (observing that Penal Code section 19.02(d) is example of "punishment language reminiscent of an affirmative defense"). Under the statute, a defendant relying on the issue of sudden passion must "raise the issue" and prove "the issue in the affirmative by a preponderance of the evidence." *See* Tex. Penal Code § 19.02(d); *see also Wooten v. State*, 400 S.W.3d 601, 605 (Tex. Crim. App. 2013) ("The defendant has the burden of production and persuasion with respect to the issue of sudden passion."). As a defensive issue, it is not law applicable to the case unless raised by the defendant. *See Newkirk*, 506 S.W.3d at 191 (observing that several courts of appeals "have previously determined that sudden passion is a defensive issue and, therefore, does not become the law of the case until it is raised by the defendant"); *Russell v. State*, No. 03-12-00440-CR, 2014 WL 1572473, at *4 (Tex. App.—Austin Apr. 18, 2014, pet. ref'd) (mem. op., not designated for publication) (stating that "sudden passion is a defensive issue that is not 'law of the case,' and therefore must be brought to the court's attention"); *see also Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011) ("An unrequested defensive issue is not the law applicable to the case.") (citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)); *cf. Leach v. State*, 983 S.W.2d 45, 49 (Tex. App.—Tyler 1998, no pet.) (concluding that "the right to a submission of the issue of

'sudden passion' . . . in the punishment phase [is] forfeitable"). For that reason, in the context of jury instructions, this Court has held that a trial court does not err by failing to instruct the jury on the issue of sudden passion when the instruction is unrequested by the defendant.[1] *See Russell* 2014 WL 1572473, at *4 (observing that "unless the defendant requests a sudden-passion instruction, the trial court is under no obligation to include such an instruction sua sponte" and concluding that trial court did not err in failing to give such instruction when defendant failed to request it); *see also Teague v. State,* No. 03-10-00434-CR, 2012 WL 512661, at *6–7 (Tex. App.—Austin Feb. 16, 2012, pet. ref'd) (mem. op., not designated for publication); *Swaim v. State*, 306 S.W.3d 323, 324 (Tex. App.—Fort Worth 2009, pet. ref'd).

Because it is a defensive issue, we cannot conclude that in a trial before the bench, the trial court has a *sua sponte* duty to consider whether the evidence affirmatively establishes sudden passion. Accordingly, in the absence of a request or argument for a sudden-passion finding, we cannot construe a trial court's punishment verdict (a sentence within the range of a first-degree felony) as an implicit rejection or negative finding on the unraised issue.

---

[1] Similarly, as to a mitigation issue applicable to aggravated kidnapping under section 20.04(d) of the Penal Code, the Texas Court of Criminal Appeals has noted that the statute expressly requires the defendant to "raise the issue of whether he voluntarily released the victim in a safe place" and to prove "the issue in the affirmative by a preponderance of the evidence." *Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998); *see also* Tex. Penal Code § 20.04(d). Based on this language, the Court of Criminal Appeals rejected an appellant's assertion that a trial court has an affirmative duty to instruct the jury on the defensive issue of "release in a safe place" even when the instruction is not requested by the defense. *Id.* ("The Legislature's amending Section 20.04(b) in response to this Court's opinion . . . is further evidence that the Legislature does not intend to impose a duty on trial courts to *sua sponte* instruct the jury on defensive issues.").

Because the record before us does not reveal that the trial court expressly or implicitly made the finding that Jones has asked us to review for evidentiary sufficiency, his sole issue on appeal is overruled. The judgment of the trial court is affirmed.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: September 29, 2020

Publish