COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-19-00185-CR |
| Appellant, | § | Appeal from the |
| v. | § | 394th District Court |
| ERICK MORALES-GUERRERO, | § | of Jeff Davis County, Texas |
| Appellee. | | (TC# CR1700847) |

## **O P I N I O N**

The State of Texas appeals from an order of the trial court suppressing custodial statements made by Appellee Erick Morales-Guerrero ("Defendant"). The trial court granted Defendant's motion to suppress based on its conclusion that the pre-interrogation warnings administered to Defendant by law enforcement officers were not the fully effective equivalent of the required statutory warnings. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. We reverse and remand.

## **BACKGROUND**

Defendant was arrested and indicted for the offense of continuous sexual abuse of a child. In a motion to suppress statements he made to law enforcement following his arrest, he asserted, among other grounds, that those statements were taken in violation of article 38.22 of the Code of Criminal Procedure. Defendant specifically complained that the officers failed to advise or warn him (1) of his right not to make any statement at all; (2) that any statement he made may be used

as evidence against him in court; (3) of his right to have a lawyer present to advise him prior to any questioning; and (4) of his right to an appointed lawyer to advise him prior to and during any questioning. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a)(1-4), 3(a)(2).

The trial court granted Defendant's motion to suppress "on the sole ground that the law enforcement officer conducting the interview failed to comply or substantially comply with the requirement of Texas Code of Criminal Procedure Article 38.22, Sec. 3(a)(2) to inform the Defendant that he had the right to 'not give any statement at all[.]'" The court recited in its order that neither warning given—that is, that Defendant had the "right to remain silent" and that he "can decide at any time *from this moment on* to terminate this interview"—was the fully effective equivalent of warning him that he had the right "not to give any statement at all." (Emphasis by the court.)

## ISSUE

The sole issue presented by this appeal is whether the trial court erred by suppressing Defendant's custodial statements on the ground that the warnings given to Defendant were not the fully effective equivalent of the statutory warning that "he has the right to remain silent and not make any statement at all . . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a)(1).

## STANDARD OF REVIEW

A court's ruling on a motion to suppress is subject to a bifurcated standard of review. *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019). The reviewing court "give[s] almost total deference to the trial court's findings of fact and review[s] *de novo* the application of the law to the facts." *Id*. (citing *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010)). The issue in this case presents a question of law and is therefore subject to *de novo* review. *See id.*

**DISCUSSION**

Article 38.22 of the Texas Code of Criminal Procedure provides that an accused's oral statement, made as a result of custodial interrogation, is not admissible in a criminal proceeding against the accused unless, prior to the interrogation, he was warned that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time . . . .

TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a)(1)-(5), 3(a)(2).

The complete omission of an article 38.22 warning renders an accused's oral statement inadmissible. *Rutherford v. State*, 129 S.W.3d 221, 224 (Tex. App.—Dallas 2004, no pet.); *see Martinez-Hernandez v. State*, 468 S.W.3d 748, 759 (Tex. App.—San Antonio 2015, no pet.). But a failure to strictly follow the language of a statutory warning does not have the same effect, provided the accused was given a "fully effective equivalent" warning. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(e)(2); *see Bible v. State*, 162 S.W.3d 234, 240 (Tex. Crim. App. 2005). A "fully effective equivalent" warning is one that "does not dilute the meaning or import of the [statutory] warning . . . ." *Bible*, 162 S.W.3d at 240-41.

The specific statutory warning at issue in this case is the warning informing the accused he has "the right to remain silent and not make any statement at all . . . ." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a)(1). Here, however, the warning given to Defendant was abbreviated and merely provided, "You have the right to remain silent." The State argues that, while the warning given did not exactly track the statutory language, it was, in the circumstances, the fully effective

3

equivalent of the required statutory warning. Defendant, on the other hand, argues that there can be no question of equivalency because the portion of the warning that provides that Defendant had "the right to not make any statement at all" was completely omitted.

Our record includes a document titled, "Miranda Rights Warning/Waiver of Rights," dated November 10, 2016, along with a corresponding recording of Defendant's oral statement. On the recording but prior to questioning, Jeff Davis Sheriff Bill Kitts informs Defendant he would start the interview by reading him his rights from a form titled, "Miranda Rights Warning/Waiver of Rights." He further explains that "the law says I have to read them to you, even though we pretty much have them memorized, we have to read them." Next, Sheriff Kitts states as follows:

1. You have the right to remain silent.
2. Anything you say may be used against you in a court of law.
3. You have the right to speak with an attorney.
4. If you cannot afford an attorney one will be appointed for you.
5. You have the right to an attorney present during questioning.
6. You can decide at anytime, from this moment on, to terminate the interview and exercise any of these rights.
7. Do you understand these rights as they've been read?

After being asked whether he understood the rights, the Defendant responds, "Yes, sir." Sheriff Kitts then asks, "Having these rights in mind, do you wish to talk to us now?" The Defendant responds, "Please." Sheriff Kitts next requests that the Defendant read each line of rights stated on the form and add his initials. Also, he directs Defendant to read two more lines that include questions asking whether he wants to talk and whether he wishes to make a voluntary statement (lines 8 and 9). He is informed that he is welcome to re-read each line and determine whether or not they were read correctly. The pre-printed form appearing in our record includes Defendant's name, the date and time of November 10, 2016 at 4 p.m., the initials "EM" after lines one through seven, and the word "Yes" after lines eight and nine. Also, the form is signed and includes Sheriff Kitts' signature as a witness.

4

On review, we first determine that the State did not completely omit a required warning. The warning at issue, as stated in the statute, is that an accused "has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2(a). Defendant's argument segments this provision into three discrete warnings: (1) the accused has the right to remain silent; (2) the accused has the right not to make any statement at all; and (3) any statement may be used against the accused at trial. But this does not comport with the statutory language, which identifies "the right to remain silent and not make any statement at all" as one right. Consequently, the statute is properly read as addressing two, rather than three, subjects: (1) the right not to give the officers any information (*i.e.*, the right to remain silent and not make any statement at all); and (2) the consequence of giving up that right (*i.e.*, any statement may be used against the accused at trial).

It follows from this construction that informing an accused that he has the right to remain silent, but not informing him that he has the right not to make any statement at all, does not constitute the *omission* of an article 38.22 warning. *See Martinez-Hernandez*, 468 S.W.3d at 759; *Rutherford*, 129 S.W.3d at 224. It does, however, evidence a failure to strictly follow the language of the statute and, therefore, requires a determination of whether the warning that was actually given was a "fully effective equivalent." *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(e)(2); *Bible*, 162 S.W.3d at 240.

The State urges that the sufficiency of the warning in this case may be resolved by reference to the Court of Criminal Appeals' opinion in *Bible*. The defendant in that case argued that the warnings he was given "were deficient because they specified that his statements could be used against him in 'court' but did not specify that the statements could be used against him at 'trial.'" 162 S.W.3d at 237. The court acknowledged that article 38.22 contains two "used against"

5

warnings, one warning that any statement an accused makes may be used against him at "trial," and the other warning that any statement the accused makes may be used as evidence against him in "court." *Id.* at 241. The court stated that "use of the term 'court' instead of 'trial' 'does not dilute the meaning or import of the warning,'" and, therefore, the warning given was a fully effective equivalent of the statutory warning. *Id.* at 240-41 (quoting *Bennett v. State*, 742 S.W.2d 664, 677 (Tex. Crim. App. 1987), *vacated on other grounds*, 486 U.S. 1051 (1988)).

While *Bible* is factually distinguishable from the present case, it is nonetheless instructive.[1] The court reiterated that the relevant inquiry is whether the warning given diluted the meaning or import of the warning as stated in the statute. *Id.* at 241. The court's analysis, as a whole, demonstrates that the ultimate goal is to determine whether the meaning and import of the statutory warning was actually conveyed to the accused, albeit in different words. *See id.* at 240-42. Further, this goal is not achieved by viewing a particular warning in isolation. *See id.* at 241 (addressing the omission of a warning in one exhibit in the context of warnings evidenced by other exhibits and the circumstances of the interrogation).

In addition to the opinion in *Bible*, we are guided by well-settled principles of statutory construction. Those principles direct that we read the words and phrases of a statute in context, read the statute as a whole to determine the meaning of a particular provision, and presume that the entire statute is intended to be effective. *See Franklin v. State*, 579 S.W.3d 382, 386 (Tex. Crim. App. 2019).

We begin by examining the phrases here at issue—"remain silent" and "not make any statement at all." One Texas court addressing these phrases in circumstances identical to ours has

---

[1] It appears that, as in this case, the warnings given in *Bible* informed the accused that he had the right to remain silent but did not include the additional language concerning not making any statement at all. 162 S.W.3d at 239. That warning, however, was not at issue in the case and, consequently, the court did not address it.

opined that "[t]he phrase 'not make any statement at all' is merely redundant and adds nothing to the phrase 'remain silent.'" *Kiser v. State*, 788 S.W.2d 909, 912 (Tex. App.—Dallas 1990, pet. ref'd). This construction, however, violates the principle that we must presume that every part of a statute is intended to be effective. *See Franklin*, 579 S.W.3d at 386. The *Kiser* court essentially reads the phrase "not make any statement at all" out of the statute. *See* 788 S.W.2d at 912.

But, while we disagree with *Kiser*'s interpretation of the two phrases at issue, we recognize that there is some overlap between the two. The court in *Bible* noted that the two "used against" warnings contained in article 38.22, one specifying "court" and the other specifying "trial," "appear to largely overlap and, in fact, 'court' is the broader term, and is reasonably understood to include the term 'trial.'" 162 S.W.3d at 241. The fact that the warning given in *Bible* used the broader term supported the court's conclusion that it also encompassed the narrower statutory term and, therefore, was a fully effective equivalent warning. *Id.* at 241.

"Remain silent" and "not make any statement at all," like "court" and "trial," also appear to largely overlap.  But "not make any statement at all" is the broader of the two phrases because an accused may remain silent yet still make a statement, for example, in writing or by sign language. Because the warning given in this case used the narrower term, the reasoning of the *Bible* court does not resolve the issue before us. We turn next, then, to an examination of the language at issue in the context of article 38.22 as a whole.

Section 2 of article 38.22 governs when a "*written* statement made by an accused as a result of custodial interrogation is admissible as evidence against him in [a] criminal proceeding . . . ." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2 (emphasis added). That section identifies five warnings that must be administered to the accused, prior to making the statement, including the warning that the accused "has the right to remain silent and not make any statement at all . . . ." *Id.*

7

at § 2(a).

Section 3 of article 38.22 governs when an "*oral or sign language* statement of an accused made as a result of custodial interrogation" is admissible against him in a criminal proceeding. *Id.* at § 3(a) (emphasis added). That section requires that the accused be warned of his rights, but does not delineate those rights. Rather, it requires that he be "given the warning in Subsection (a) of Section 2"—the warning defined in the context of a written statement. *Id.* at § 3(a)(2).

Viewing sections 2 and 3 together informs our interpretation of "the right to remain silent and not make any statement at all." The latter phrase is not redundant of the former in the context of a written statement; an accused may remain silent and yet make a statement in writing that could later be used against him at trial. In the context of a written statement, then, warning an accused only that he has the right to remain silent would dilute the meaning or import of the statutory warning and would not constitute a fully effective equivalent warning. *See Bible*, 162 S.W.3d at 240-41. The same is true in the context of a sign language statement. This interpretation gives meaning and effect, as we must, to the phrase "not make any statement at all." *See Franklin*, 579 S.W.3d at 386

In the context of an oral statement, however, the failure to add "and not make any statement at all" to the warning, "you have the right to remain silent," does not in any way dilute the meaning or import of the statutory warning. An accused cannot make an oral statement while remaining silent. Thus, an accused facing the decision of whether to make an oral statement, having been informed that he has the right to remain silent, has necessarily been informed that he has the right not to make any statement at all.

This case concerns the admissibility of Defendant's oral custodial statement. Neither a written statement nor a sign language statement is involved. Defendant was admonished that he

had the right to remain silent. Reading sections 2 and 3 of article 38.22 in context, and applying their content to the facts of this case, we hold that warning Defendant that he had "the right to remain silent" is the fully effective equivalent of warning him that he had "the right to remain silent and not make any statement at all." *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a), 3(a), (e)(2); *Bible*, 162 S.W.3d at 240.

Because of this holding, we need not address the State's alternative argument that coupling the warning, "You have the right to remain silent," with the warning, "You can decide at any time from this moment on to terminate this interview," adequately conveyed that Defendant had the right not to make any statement at all. *See Clark v. State*, 627 S.W.2d 693, 704 (Tex. Crim. App. 1981) (concluding that "coupling of the right 'not to make a statement' with the right to 'terminate any interview at any time' if the appellant 'decided to talk with us' adequately conveyed the right to remain silent").

The State's sole issue on appeal is sustained.

## CONCLUSION

The trial court erred by granting Defendant's motion to suppress his oral statements on the ground that the warnings administered to Defendant were not the fully effective equivalent of the warnings required by article 38.22. The "Order on Motion to Suppress" is reversed and the cause is remanded to the trial court for further proceedings.


October 7, 2020                                        GINA M. PALAFOX, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)


9