**Affirmed in Part, Reversed in Part, and Remanded, and Majority and Dissenting Opinions filed May 13, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00591-CR

---

## ROBERT EARL HART, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1524656**

---

## DISSENTING OPINION

The majority eviscerates any discretion that seasoned criminal defense attorneys may exercise to pursue one defensive strategy over another. I must respectfully dissent.

* * *

This court should apply the strong presumption that, in the absence of counsel being afforded an opportunity to explain his actions, counsel's decision not

to request a jury instruction on a defensive issue[1] was the result of reasonable strategy. *See Rios v. State*, 990 S.W.2d 382, 836 (Tex. App.—Amarillo 1999, no pet.) (overruling ineffective assistance claim; "In light of the absence of proof as to trial counsel's reasons for or strategy in not requesting the sudden passion mitigating instruction, we will not speculate on trial counsel's strategy, mental processes, or reasons for not requesting the instruction.").

Even if, as the majority concludes, appellant would have been entitled to an instruction on sudden passion if counsel requested it, "the failure to request the instruction was not objectively unreasonable because defensive issues frequently depend upon trial strategy and tactics." *Okonkwo v. State*, 398 S.W.3d 689, 697 (Tex. Crim. App. 2013) (quotation omitted) (reversing court of appeals and holding that trial counsel was not ineffective for failing to request a mistake of fact instruction). "[J]ust because a competent defense attorney recognizes that a particular defense *might* be available to a particular offense, he or she could also decide it would be inappropriate to propound such a defense in a given case." *Id.* (alteration in original) (quoting *Vasquez v. State*, 830 S.W.2d 948, 950 n.3 (Tex. Crim. App. 1992)).

If the record in this case reveals anything about counsel's reason for not requesting a sudden passion instruction, it is that counsel affirmatively considered the merits of requesting the instruction and rejected it. In light of counsel's consideration of case law that counsel determined was "directly on point," counsel

---

[1] *See Simpson v. State*, 548 S.W.3d 708, 710–11 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) (holding that the accused must request an instruction on sudden passion to preserve error because it is a defensive issue); *Newkirk v. State*, 506 S.W.3d 188, 191–92 (Tex. App.— Texarkana 2016, no pet.) (same); *Espinoza v. State*, No. 14-99-00570-CR, 2000 WL 1591061, at *3–4 (Tex. App.—Houston [14th Dist.] Oct. 26, 2000, pet. ref'd) (mem. op., not designated for publication) (same); *see also Beltran v. State*, 472 S.W.3d 283, 290 (Tex. Crim. App. 2015) (referring to sudden passion as a "defensive issue").

concluded that he did not want a sudden passion instruction. Appellate court justices reviewing a cold record years after the fact have no idea what case law trial counsel considered and whether counsel's decision not to pursue a sudden passion instruction was the product of reasonable trial strategy. The majority cites not a single analogous case to undermine counsel's reasoned conclusion that appellant was not entitled to the instruction. And the majority ignores key tenants of review: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Based on his review of pertinent case law, counsel at that moment may have reasonably decided that appellant was not entitled to a sudden passion instruction. *Cf. Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (no deficient performance for failing to object to inadmissible testimony when "counsel *at that moment* may have reasonably decided that the testimony was not inadmissible and an objection was not appropriate").

At punishment, counsel portrayed appellant not as a hot-headed man who was overcome with emotions, but as a considerate family-man who wanted to protect his daughter from a persistent problematic boyfriend. Counsel argued that appellant simply "had enough" of the complainant. Given the modicum of evidence in this case that might have conceivably supported an instruction on sudden passion, counsel could not be held ineffective for pursuing an alternate strategy. *Cf. Okonkwo*, 398 S.W.3d at 697 (concluding that "counsel was not objectively unreasonable by failing to request an instruction on mistake of fact because that theory was inconsistent with a theory that counsel advanced at trial"); *Dannhaus v. State*, 928 S.W.2d 81, 86–87 (Tex. App.—Houston [14th Dist.] 1996,

3

pet. ref'd) (recognizing that counsel's choice of focusing the jury on the defendant's culpable mental state, rather than requesting instructions and pursuing other defenses for which the evidence was not strong, was not objectively unreasonable); *Martini v. State*, No. 05-17-00693-CR, 2018 WL 3598978, at *3 (Tex. App.—Dallas July 27, 2018, no pet.) (mem. op., not designated for publication) ("Where the evidence of guilt is overwhelming, and the evidence to support an affirmative defense is weak, a strategy of focusing the jury on the strongest theory of innocence supported by the evidence is not objectively unreasonable."); *Roberts v. State*, No. 01-16-00059-CR, 2016 WL 6962308, at *5 (Tex. App.—Houston [1st Dist.] Nov. 29, 2016, pet. ref'd) (mem. op., not designated for publication) ("Assuming without deciding that Appellant's testimony provides sufficient facts to warrant a self-defense instruction, Appellant's counsel could have reasonably determined that the evidence was weak enough that to include the instruction in the charge could risk credibility with the jury."); *Alonzo v. State*, No. 03-05-00849-CR, 2006 WL 2589194, at *4 (Tex. App.—Austin Sept. 8, 2006, no pet.) (mem. op., not designated for publication) (reasoning that counsel "might have decided for strategic reasons not to request the instruction on self-defense because of the risk of alienating the jury by arguing a point that, if supported by any credible evidence at all, was certainly weak").[2]

---

[2] We cannot say that counsel's determination that appellant was not entitled to a sudden passion instruction was unreasonable in light of the video evidence that the jury undoubtedly relied upon to reject appellant's claim of self-defense. The video shows that the complainant parked in front of appellant's house, got out of his car, removed his shirt, and began to smoke a cigarette. Appellant, wielding a pistol in his hand and carrying a revolver in his pocket, exited the safety of his own home and approached the complainant on the street. When the complainant held his arms outstretched to the side, appellant shot the complainant six times, including twice in the back while the complainant was running away. After the complainant collapsed, appellant removed the revolver from his pocket, fired it once into the ground, and placed it in the complainant's hand to stage a claim of self-defense.

The majority's analysis focuses solely on whether appellant would have been entitled to a requested instruction on sudden passion, not whether trial counsel might reasonably have decided not to pursue the instruction. In this regard, the majority fails to correctly apply the relevant legal principles for claims of ineffective assistance.

For these reasons, I dissent.


/s/    Ken Wise
       Justice

Panel consists of Justices Wise, Bourliot, and Spain. (Spain, J., majority).

Publish — Tex. R. App. P. 47.2(b).