

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00042-CR

_____


MARGARITA HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


On Appeal from the County Court
Deaf Smith County, Texas
Trial Court No. 2021-00223, Honorable D.J. Wagner, Presiding

October 26, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Margarita "Mona" Hernandez appeals her two misdemeanor convictions, one for resisting arrest or transport and the other for interfering with public duties. Four issues pend for review. We reform the judgment and affirm.

### *Background*

Appellant was charged via information with (1) "intentionally prevent[ing] or obstruct[ing] Trevor Anderson, a person the defendant knew to be a peace officer, from effecting an arrest or search or transportation of the defendant by using force against said peace officer" and (2) with criminal negligence, interrupting, disrupting, impeding, or interfering with Anderson by refusing to leave the scene while Anderson was performing a duty or exercising authority imposed and granted by law; namely, securing the scene of a fire for firefighters. She pleaded not guilty to both and trial before a jury ensued.

The jury heard evidence illustrating that the purported home of appellant caught fire. Firefighters appeared to extinguish it. While at the scene, the fire marshal requested Deputy Anderson to remove people from the area, including appellant, as they attempted to combat the blaze. Appellant initially refused. She and the deputy then engaged in a very brief argument, culminating in Anderson asking appellant whether he was going to arrest her. She said no and walked away. The deputy then warned her that she would be arrested if she "stepped back on my scene." Audio and visual evidence from the deputy's body camera captured appellant hesitating, looking back at the deputy, and indicating she would return because that was "her house." Her having uttered that, the deputy attempted to handcuff her. As he did, appellant swung her left arm toward him and also grasped the cuffs. Her efforts proved futile when another deputy appeared to assist.

### *Issue One—Sufficiency of the Evidence – Count I*

Via her first issue, appellant contends the evidence is insufficient to support her conviction for resisting arrest. Allegedly, the State failed to prove she used force against the deputy. We overrule the issue.

2

The standard of review is that explained in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) and *Dobbs v. State*, 434 S.W.3d 166 (Tex. Crim. App. 2014). We apply it here.

Next, a person commits the offense of resisting arrest, search, or transportation if she intentionally prevents or obstructs a person she knows is a peace officer or a person acting in a peace officer's presence and at the officer's direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another. TEX. PENAL CODE ANN. § 38.03(a). The phrase "using force against the peace officer or another" means "violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer or another." *Dobbs*, 434 S.W.3d at 171. A use of force that is "against the officer's goal of effectuating an arrest in the sense that it is hostile to or contrary to that goal, but that is not directed at or in opposition to the officer, is not covered by the plain terms of the statute." *Id.*

Appellant concedes that the video evidence established her reluctance to be taken into custody; however, she argues no rational trier of fact could have found that she used force against Deputy Anderson (or any other peace officer) to prevent that arrest. Yet, video from the deputy's body camera illustrates otherwise. A rational jury can reasonably view the images captured by it as showing appellant (1) arguing with the deputy and (2) pushing, swinging, or striking her arm out toward him once or twice as he tried to detain her. This is some evidence on which a rational jury could conclude, beyond reasonable doubt, that appellant's actions consisted of more than simply using force against the effectuation of an arrest. It could find beyond reasonable doubt she used force against him. *See Finley v. State*, 484 S.W.3d 926, 928 (Tex. Crim. App. 2016) (finding the

3

defendant's action of pulling away from the officers satisfied the "in opposition or hostility to" the police officer requirement).

### *Issue Two—Sufficiency of the Evidence – Count II*

Through her second issue, appellant argues the evidence is insufficient to support her conviction for interference with public duties. This is supposed so because the State failed to prove she interfered with any public duty. We overrule the issue.

The same standard of review mentioned earlier applies here. Furthermore, one commits an offense under section 38.15 of the Penal Code "if the person with criminal negligence and interrupts, disrupts, impedes, or otherwise interferes with . . . a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." TEX. PENAL CODE ANN. § 38.15(a)(1). According to appellant, the video evidence showed her leaving the scene as directed by law enforcement. The deputy also allegedly testified that she did not interfere with any public duty and said "[n]ot that I saw" when asked on cross-examination whether appellant was interfering with the scene.

Diverting an officer's attention from his normal duties constitutes interference under section 38.15. *Russell v. State*, No. 02-20-00024-CR, 2022 Tex. App. LEXIS 2287, at *11-12 (Tex. App.—Fort Worth April 7, 2022, pet. ref'd) (mem. op., not designated for publication). Here, Anderson was tasked with securing a safety perimeter around the fire by removing individuals to a safe distance. Appellant initially refused to leave but eventually began walking away at the verbal urging of the deputy. Yet, appellant did not cease her bickering with the deputy, who followed her. And, when told she would be arrested if she returned to the scene, appellant threatened just that . . . a return to the scene because it was her house burning. That resulted in her arrest. Having to intercede upon her threat to return, the deputy was distracted from his assigned task of securing a

4

safety perimeter. That is some evidence on which the jury could have rationally found, beyond reasonable doubt, that appellant interfered with or disrupted the deputy's performance of a duty. *See, e.g., Key v. State*, 88 S.W.3d 672, 676 (Tex. App.—Tyler 2002, pet. ref'd) (finding evidence sufficient when the defendant repeatedly stepped off the sidewalk and headed toward another individual after officers told him to remain on the sidewalk). We overrule appellant's second issue.

### *Issues Three and Four—No Instruction on a Defensive Issue and Harm*

Appellant's third and fourth issues involve her conviction under section 38.15 of the Texas Penal Code, that is, interfering with public duties. Allegedly, the trial court erred by failing to submit an instruction on a defensive issue, which instruction no one requested. The omission allegedly resulted in egregious harm. We overrule both points.

The defense appears at section 38.15(d) of the Texas Penal Code. According to that provision, "[i]t is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only." TEX. PENAL CODE ANN. § 38.15(d). No one requested the court to instruct the jury under section 38.15(d). That omission resulted in the waiver of appellant's complaint. *See Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (stating that "[d]efensive instructions must be requested in order to be considered applicable law of the case requiring submission to the jury").

Appellant's citation to *Franklin v. State*, 579 S.W.3d 382 (Tex. Crim. App. 2019) does not obligate us to hold otherwise. Before concluding, the Court of Criminal Appeals said that "if [Franklin] is referring to his right to submit a statutory defensive issue regarding his age to a trier of fact, that claim is a forfeitable claim." *Id.* at 390. And, as explained by the opinion it cited to support the statement, "a defensive issue does not

become law applicable to the case if it is neither requested nor submitted." *Chase v. State*, 448 S.W.3d 6, 11-12 n.27 (Tex. Crim. App. 2014). Thus, not only does "a defendant who fails to request a defensive issue forfeit[] the issue entirely" but the reviewing court need not engage in an *Almanza* harm analysis. *Id.* In other words, *Franklin* comports with *Bennett*. So, we need not assess the accuracy of either issue.

### *Reformation of Judgment*

In our review of the matter before us, we noted two mistakes in the Nunc Pro Tunc-Judgment of Conviction by Jury. First, under Plea to Offense, the decree mentions that appellant pleaded "Guilty" to each count; she actually pleaded not guilty. Second, under "Plea to 1st Enhancement Paragraph" and "Findings on 1st Enhancement Paragraph," it recites an entry and findings of "True"; there was no enhancement paragraph. Because we have the power to reform the judgment to speak the truth, *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993), we reform the decree to reflect "Not Guilty" pleas to each count and to delete the plea of "True" in reference to an enhancement paragraph.

As reformed, the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.